HERRICK *v.* LIQUOR CONTROL COMMISSION.

1. STATUTES—CONSTRUCTION—AMENDMENT.
   It is unnecessary to construe an act of the legislature that has been amended by subsequent legislation, where statute involved is a regulatory act and, as amended, controls rights of the parties.

2. INTOXICATING LIQUORS—LICENSE FOR CONSUMPTION ON PREMISES —STATUTORY MAXIMUM.
   Where the statutory maximum number of licenses for the sale of alcoholic liquor for consumption on the premises had been issued in village in which plaintiff sought a license for such purpose at time petition for mandamus was filed, the liquor control commission had no authority to grant plaintiff a license notwithstanding that at time he first applied for license commission might have granted one but for its policy of not issuing such licenses where there were sufficient licensed es-

tablishments to take care of the demand (Act No. 8, § 19, subd. [15], Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 281, Pub. Acts 1937, and Act No. 133, Pub. Acts 1945).

3. Costs—Construction of Statute.

No costs are allowed in mandamus proceeding where question raised was as to construction of a public act (Act No. 8, § 19, subd. [15], Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 281, Pub. Acts 1937, and Act No. 133, Pub. Acts 1945).

Petition by Henry V. Herrick for writ of mandamus to compel Michigan Liquor Control Commission to issue class C liquor license to him. Submitted July 18, 1946. (Calendar No. 43,137.) Writ denied September 11, 1946.

*Arnold F. Zeleznik,* for plaintiff.

*John R. Dethmers,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Charles M. A. Martin* and *Daniel J. O'Hara,* Assistants Attorney General, for defendant.

Sharpe, J. In June 1945, plaintiff, Henry V. Herrick, filed a petition in the Supreme Court for a writ of mandamus directing and commanding the Michigan liquor control commission to issue to him a class "C" liquor license for the premises at 16736 Ecorse road, Allen Park, Michigan.

In the petition it is stated that in September, 1944, plaintiff filed an application with the Michigan liquor control commission for the issuance of a class "C" license; and that on September 19, 1944, he received the following letter from the commission:

"This will acknowledge receipt of your request of September 8, 1944, for a new class 'C' liquor license to be issued for your place of business at 16736 Ecorse Road, Allen Park, Michigan.

"We regret to advise you that the present Michigan liquor control commission is not generally con-

sidering applications for new licenses at this time, therefore, this department is not authorized to take further action on your request.''

Further, it is stated in the petition that in April, 1945, plaintiff renewed his application for a license and on April 30, 1945, he received a letter from the commission, a copy of which reads as follows:

''I sincerely regret that your recent request for a class C license, to be used in the village of Allen Park, at 16736 Ecorse Road, cannot be given any consideration at the present time.

''However, under a law, recently enacted by the legislature, limiting the number of class C licenses to one for each 1,500 population, the liquor control commission is prevented from issuing such a license in either of the two municipalities in question.

''Under this act, Allen Park's quota will be 2 class C licenses, and Lincoln Park's will be 10.''

Following the receipt of the above letter, plaintiff applied for a hearing before the commission and in reply received a letter, a copy of which reads as follows:

''June 1, 1945

''Henry V. Herrick
16736 Ecorse Road
Allen Park, Michigan

''*Dear Mr. Herrick:*

''This Michigan liquor control commission has directed the undersigned to advise you that they have considered your request for a new class 'C' license and have ordered that the same be denied.

''As you have previously been advised, recently-passed legislation now limits the issuance of table-top licenses one to each 1,500 of population in any governmental unit.   Therefore, since the population of Allen Park is 3,487 and there are already three class 'C' licenses issued, the commission is pro-

hibited by law from issuing any additional license for sale of alcoholic beverages for consumption on the premises within this governmental unit.

　　　　"Very truly yours,
　　　　　　"Michigan Liquor Control Commission.
　　　　　　　　"C. A. Parrish (Sgd.)
　　　　　　"Charles A. Parrish, Director
be　　　　"Licensing & Enforcement Division.

cc.　Arnold Zeleznik, attorney."

Upon receipt of the above petition this court issued an order to show cause why a peremptory writ of mandamus should not issue. The Michigan liquor control commission filed a return to the order to show cause in which it states that while the application of a class "C" license was filed before the effective date (April 30, 1945) of Act No. 133, Pub. Acts 1945, which limits the number of licenses to be granted to one for each 1,500 of population, the commission had not prior to April 30, 1945, authorized an investigation of said applicant for the reason that the commission had adopted a policy of not issuing class "C" licenses owing to the fact that there were sufficient licensed establishments in the various communities to take care of the demand for consumption of alcoholic liquors.

Plaintiff filed a reply to the commission's return and alleges that said commission has not followed its policy of issuing new licenses or replacing old licenses, but has conferred or renewed licenses to friends of members of the commission.

The cause was referred to the circuit court of Ingham county for the purpose of taking testimony on the issues involved and making a finding of facts. The trial judge found as a fact that:

"The population of the village of Allen Park according to the 1940 census was 3,487, and the liquor control commission had authority to issue not to

exceed five class 'C' licenses. Only the three licenses which were in effect when petitioner's first application was filed had been issued up to the time the amendment to the act became effective April 30, 1945.   *   *   *

"The liquor control commission maintained a policy of not increasing the total number of licenses in force in either .Allen Park or the city of Detroit, for the reason, as it claims, that it considered there were enough in force in these places to properly serve these communities, and its policy was to not issue new class 'C' licenses other than in those municipalities which had voted for the sale of liquor by the glass and in those instances and where a license had been revoked or canceled. *   *   *

"There having been no revocations or cancelations to be filled in the village of Allen Park where petitioner Herrick applied for a license, I cannot say that the record justifies a finding that the petitioner was prejudiced by the commission's actions in the city of Detroit, nor can I say that the commission abused its discretion in not investigating further applications while in its judgment a community was sufficiently supplied with liquor establishments."

Plaintiff urges that the commission acted arbitrarily, that it was not impartial in the issuance of licenses, and that its attitude towards plaintiff's application was an absolute abuse of discretion.

Defendant commission urges that it does not have authority to grant plaintiff's application for a class "C" license in view of Act No. 133, Pub. Acts 1945, which amended Act No. 8, § 19, subd. 15, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 281, Pub. Acts 1937 (Comp. Laws Supp. 1945, § 9209–34, Stat. Ann. 1945 Cum. Supp. § 18.990).

Prior to the effective date of the 1945 amendment, the law provided for not to exceed one license for each 650 population. Under the law as it then ex-

isted, the commission could have granted plaintiff a license as his application for such license was filed while the 1937 amendment was in effect. It is unnecessary to construe an act of the legislature that has been amended by subsequent legislation. The only issue in this case is a construction of section 19, subd. (15), as amended by Act No. 133, Pub. Acts 1945, which reads as follows:

"No public license shall be granted for the sale of alcoholic liquor for consumption on the premises in excess of 1 license for each 1,500 of population, or major fraction thereof, as determined by the last Federal decennial census or by any Federal decennial census hereafter taken: *Provided, however,* That the above quota shall not bar the right of existing licensees to renew their licenses or transfer same, subject to the consent of the commission nor bar the right to a license of an applicant who has applied for such license and is being investigated for the granting or refusing of same by the commission prior to the effective date of this act: *Provided, further,* That in resort areas the commission may in its discretion issue licenses for the period from May 1 to January 1 without regard to any limitations because of population, but not in excess of a total number which shall be the average of resort area licenses issued during the preceding 5 years."

In our opinion the legislature intended that the maximum number of licenses to be granted under the above section of the act should not exceed one license for each 1,500 of population. Under this provision, the Michigan liquor control commission would have no authority to exceed that number. It seems to be undisputed that the population of the village of Allen Park according to the last Federal decennial census (1940) was 3,487; and that when the above amendment became effective, April 30, 1945, three class "C" licenses had been granted to

citizens of Allen Park. Under such circumstances the Michigan liquor control commission had no authority to grant plaintiff a class "C" license in June, 1945 when the petition for mandamus was filed.

The writ is denied, but without costs as the construction of a public act is involved.

BUTZEL, C. J., and CARR, BUSHNELL, BOYLES, REID, and NORTH, JJ., concurred. STARR, J., took no part in the decision of this case.