LEHMAN v. LEHMAN.

1. DIVORCE—EXTREME CRUELTY—UNFOUNDED CHARGES OF IMMORAL CONDUCT.
   Unfounded charges of immoral conduct by one spouse against the other may constitute extreme and repeated cruelty justifying the granting of a decree of divorce.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation §§ 64–66. Accusation of improper relations as cruelty constituting ground for divorce or separation. 143 ALR 623.
[3] 17 Am Jur, Divorce and Separation §§ 673, 674.
[3, 4] 17 Am Jur, Divorce and Separation § 683.
[5] 17 Am Jur, Divorce and Separation § 580.

2. SAME—EXTREME CRUELTY—EVIDENCE.

Trial judge's conclusion that plaintiff wife had failed to sustain her claim that defendant husband had been guilty of such extreme cruelty as to entitle her to divorce but that husband, under cross bill, had maintained his claim of right to divorce because of plaintiff's false accusations of infidelity, habitually critical, fault-finding attitude and refusal to cohabit *held,* sustained under record presented.

3. SAME — CUSTODY OF CHILDREN — BEST INTEREST OF CHILD — STATUTES.

It was not an abuse of discretion for the trial court to award to the defendant husband custody of 9-year-old daughter of parties to suit for divorce, where it appears he had had her custody since the mother's hospitalization for rest and treatment, there is no claim the daughter was not being reared under proper home surroundings and the best interests of the child appear to be best promoted by such award of custody, the child's general demeanor appears to have improved, and the pertinent statute authorized the court to make award of custody as it deemed "just and proper" (CL 1948, § 722.541).

4. SAME—CUSTODY OF CHILDREN—STATUTES.

The paramount consideration in the matter of awarding custody of children in a suit for divorce is the welfare of the children and the pertinent statute does not qualify the discretion of the court in the matter (CL 1948, § 722.541).

5. SAME—COSTS.

No costs are allowed on wife's appeal in suit for divorce, where the decree is affirmed.

Appeal from Ionia; Davis (Morris K.), J. Submitted April 14, 1955. (Docket No. 25, Calendar No. 46,391.) Decided June 29, 1955.

Bill by Eldora A. Lehman against Kenneth J. Lehman for divorce. Decree for defendant on cross bill. Plaintiff appeals. Affirmed.

*Irving H. Smith* and *Henry C. Hart,* for plaintiff.

*Thomas G. Roach,* for defendant.

CARR, C. J. Plaintiff and defendant were married in 1938. They have 1 child a daughter now 9 years of age. In 1949 plaintiff brought suit for divorce, but the parties subsequently became reconciled and resumed marital relations. Following such reconciliation they divided their joint bank account, plaintiff receiving a substantial sum of money. Further difficulties arose, however, and the instant suit was brought by plaintiff in January, 1953. In her bill of complaint she charged defendant with extreme and repeated cruelty. Defendant filed his answer denying the charges made against him, and also filed a cross bill claiming that plaintiff and cross defendant had been guilty of such conduct as entitled him to a decree of divorce. Cross defendant filed an answer denying most of the charges made against her.

On trial in circuit court both parties offered proofs to substantiate the claims made in their pleadings. In many respects the testimony of defendant contradicted that of plaintiff. Each was corroborated, in part, by other witnesses.

After listening to the proofs the trial judge came to the conclusion that defendant and cross plaintiff was entitled to the relief sought by him, and a decree was entered accordingly. He was given the custody of the minor child and certain personal property, was required to pay plaintiff and cross defendant the sum of $1,000, and the question of alimony for the future support of cross defendant was held in abeyance. Appellant insists in this Court that the decree should have been granted to her, that the proofs did not support the right of cross plaintiff to relief, that she was entitled to the custody of the child, and that the provisions of the decree with reference to property matters should be modified.

In her bill of complaint plaintiff alleged that defendant had been guilty of numerous acts of extreme

and repeated cruelty, including the use of improper language, intoxication, and physical violence. She also averred that he had been unduly friendly with women other than herself, and in general had failed to conduct himself in a proper manner. It was conceded by her that while the parties were living together she charged him with wrongful associations with 2 or more women. The proofs failed to substantiate such charges. The conclusion is unavoidable that plaintiff either gave credence to idle and malicious gossip or that the charges were the result of a tendency on her part to exaggerate inconsequential occurrences. It may be noted in this connection that the making of unfounded charges of immoral conduct by one spouse against the other may constitute extreme and repeated cruelty justifying the granting of a decree of divorce. *Gilchrist* v. *Gilchrist*, 333 Mich 275, and prior decisions there cited. .

Plaintiff's charges that defendant used improper language toward her and also resorted to physical violence are not supported by testimony other than her own. The same situation exists with reference to her claim that on numerous occasions he was intoxicated on his return to the home from his work. Defendant denied the charges of cruelty in such respects, and insofar as the use of intoxicating liquor is concerned, his testimony was, to a certain extent at least, corroborated. After listening to the proofs and weighing the evidence before him the trial judge came to the conclusion that plaintiff had not established her right to a decree of divorce.

Defendant and cross plaintiff claimed in his pleadings and in his proofs that following their marriage the parties lived together without serious difficulties arising until plaintiff and cross defendant joined a religious sect in which she became very active and to which she devoted much time to the detriment of home conditions. It is not disputed that she was a

somewhat zealous member of said sect, and that she endeavored to persuade defendant and cross plaintiff to accept her views. Such efforts were unsuccessful, and resulted in aggravating the unstable conditions existing in the home.

It further appears that in 1949 plaintiff developed a mental condition that led to her being placed for several weeks in a private sanatorium for rest and treatment. The expense thus entailed was borne by defendant and cross plaintiff, benefits under a policy of insurance furnishing a partial contribution. The trial judge concluded from the proofs that plaintiff's condition resulted from her devotion to her religious beliefs, her efforts in promoting the teachings of the sect in question, and a lack of proper rest. Her claim that the conduct of her husband toward her was responsible for her condition is contradicted by the fact that in 1953, at a time when she was not living with defendant and cross plaintiff, she had a similar attack which resulted in her being hospitalized in the city of Philadelphia. On the latter occasion it appears that the condition from which she then suffered became apparent while she was in an eastern State attending a convention of the followers of the sect to which she belonged.

Cross plaintiff claimed that because of plaintiff's interest in matters outside the home she neglected her household duties, and that the well-being of the child of the parties was materially affected. The testimony in the case, including that of the child's teachers in the school that she attended, fully justifies the conclusion that while in the custody of plaintiff said child was very nervous, appeared to be in fear of others, including children, and generally did not act like a normal, healthy child.

It was the claim of defendant that plaintiff not only falsely accused him of improper conduct with other women but habitually assumed toward him a

critical, fault-finding attitude, and that during a period of time immediately preceding their final separation she refused to cohabit with him in the marital relation. Defendant's testimony indicated that such refusal was due to the fact that he declined to accept her religious views. Plaintiff conceded such refusal on her part, although for a lesser period than that claimed by defendant, assigning as the reason therefor that the defendant had not treated her in a proper manner. Without discussing the claims of the parties further, we are in accord with the conclusions of the trial judge as to the acts and conduct of the parties and the reasons therefor. Defendant and cross plaintiff was entitled to a decree.

On behalf of appellant it is insisted that the custody of the child of the parties should have been granted to her. Emphasis is placed on CL 1948, § 722.541 (Stat Ann § 25.311), the first part of which counsel for appellant quote in their brief, which reads in its entirety as follows:

"That in case of the separation of husband and wife having minor children, the mother of said children shall be entitled to the care and custody of all such children under the age of 12 years, and the father of such children shall be entitled to the care and custody of all such children of the age of 12 years or over: Provided, That any probate court or any court of competent jurisdiction, may, on petition and hearing thereof, make and enforce such order or orders as it may deem just and proper as to the care and custody of such minor children, excepting in cases where an order or decree may have been made by any court in chancery, regarding such children; And provided further, That nothing in this act shall prevent any court of competent jurisdiction from making and enforcing any such order or orders as it may deem just and proper as to the care and custody of such minor children in the same

manner and with like effect as it could if this act had not been passed."

It will be noted that under the concluding proviso of said section the trial court was given authority in the instant case to make such order as was deemed "just and proper," with reference to the care, custody, and support of the minor child of the parties. On the record before us we are not impressed that there was any abuse of discretion in awarding such custody to the father on the ground that the best interests of the child would thereby be promoted. Since the hospitalization of plaintiff in 1953, on the occasion above mentioned, defendant and cross plaintiff has had the custody of the child. No claim is made that she is not being reared under proper home surroundings. The testimony is conclusive that she was at the time of the trial in all respects a healthy, normal child of her age. The testimony of her teachers suggests a marked improvement in her general demeanor. Apparently she had lost her fear of mingling with others, including children, and had come to enjoy usual childhood diversions.

In *Foxall* v. *Foxall,* 319 Mich 459, 464, it was said:

"We have repeatedly stated that in awarding the custody of the children, the paramount consideration is their welfare, *Brookhouse* v. *Brookhouse,* 286 Mich 151; *Riede* v. *Riede,* 300 Mich 300; *Hornbeck* v. *Hornbeck,* 316 Mich 208. The record indicates that both children are happy, well adjusted and receiving the best of care and training. A court of chancery is vested with a large measure of discretion in awarding the custody of children whose interests are before it. *Mason* v. *Mason,* 317 Mich 95, and the cases cited therein. Nor does the statute restrict or qualify the discretion of the court in such matters unless there is an abuse thereof."

The foregoing statement was quoted with approval in *Brugel* v. *Hildebrant,* 332 Mich 475, 481. Of

like import are: *Sawyer* v. *Sawyer,* 312 Mich 524; *Wells* v. *Wells,* 330 Mich 448. Under the facts in the case at bar we think that the trial judge was correct in concluding that the welfare of the child would be best served by giving her custody to the father.

The decree of the trial court is affirmed. In view of the nature of the case, no costs are allowed.

BUTZEL, SMITH, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.