GUNDRY v. GUNDRY.

OPINION OF THE COURT.

1. DIVORCE—EXTREME CRUELTY—BOTH PARTIES GUILTY.
Complaint and cross complaint are dismissed in action for divorce, where both parties are guilty of extreme cruelty (CL 1948, § 552.10).

2. SAME—COSTS.
No costs are allowed on husband's appeal, where judgment of trial court granting wife a divorce is reversed and both complaint and cross complaint are dismissed.

DISSENTING OPINION.

QUINN, J.

3. SAME—DE NOVO REVIEW—FINDINGS OF TRIAL JUDGE—CREDIBILITY OF WITNESSES.
*Divorce cases are heard de novo on appeal, but special consideration is given to the findings of the trial judge, which are based on the credibility of the witnesses and such cases should not be reversed unless the reviewing court is convinced that it must reach a different decision had it occupied the position of the lower court under like circumstances and determines that findings relied on by the trial court are not supported by the record.*

4. SAME—CONFLICTING TESTIMONY—OBSERVATION OF WITNESSES.
*Judgment of divorce, justified by testimony, if believed, will not be disturbed on appeal, though founded on conflicting testi-*

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation § 385.
[2] 20 Am Jur 2d, Costs § 16.
[3, 4] 5 Am Jur 2d, Appeal and Error § 868.
[5] 17A Am Jur, Divorce and Separation §§ 819, 826.
[6] 17A Am Jur, Divorce and Separation § 820.
[7, 8] 17A Am Jur, Divorce and Separation § 817.

mony because the appellate court should consider the advantage had by the trial court in his opportunity to hear and observe the witnesses.

5. SAME—CUSTODY OF CHILDREN—STATUTES—PRESUMPTIONS.
   Statutory presumption favors granting mother custody of minor children in action for divorce (CL 1948, § 722.541).

6. SAME — CUSTODY OF CHILDREN — STATUTES — MISCONDUCT OF MOTHER.
   Court will not override statutory preference for the placing of minor children with the mother, even though the mother is guilty of misconduct, if the best interest of the children requires that they be continued in her custody (CL 1948, § 722-.541).

7. SAME—CUSTODY OF CHILDREN—DISCRETION OF COURT—WELFARE OF CHILDREN.
   Award of custody is discretionary matter with the court, the welfare of the children being the primary consideration and proof of unfitness is required to deprive the mother of custody (CL 1948, §§ 552.16, 722.565).

8. SAME—CUSTODY OF CHILDREN—OBSERVATION OF TRIAL COURT.
   Advantage of trial court in being able to observe parents, to hear their testimony, and to interview them in chambers is peculiarly persuasive in the area of child custody, and Court of Appeals is not prepared to say trial court abused his discretion in not finding mother unfit and awarding to her the custody of the 3 children (CL 1948, §§ 552.16, 722.565).

Appeal from Eaton; McDonald (Archie D.), J. Submitted Division 3 June 9, 1965, at Lansing. (Docket No. 269.) Decided September 20, 1965.

Bill of complaint for divorce by Rose Ann Gundry against John Lee Gundry. Cross-bill of complaint for divorce by defendant. Judgment of divorce for plaintiff. Defendant appeals. Reversed and complaint and cross complaint dismissed.

*Reamer Wigle,* for plaintiff.

*Andrew J. Transue,* for defendant.

T. G. Kavanagh, J.  This matter was tried on the bill of complaint for divorce by Rose Ann Gundry and cross bill of complaint by John Lee Gundry, both actions alleging extreme cruelty.  A judgment was entered awarding plaintiff a divorce and the defendant appeals.

A reading of the record in this case establishes clearly that both parties were guilty of extreme cruelty.  This circumstance requires that the complaint and cross complaint both be dismissed.  CL 1948, § 552.10 (Stat Ann 1957 Rev § 25.90); *Sovereign* v. *Sovereign* (1956), 347 Mich 205.

Accordingly, the judgment of divorce entered below is hereby set aside and a judgment dismissing the complaint and cross complaint may enter here.

No costs.

J. H. Gillis, P. J., concurred with T. G. Kavanagh, J.

Quinn, J. (*dissenting*).  This divorce case was tried for five days before Honorable Archie D. McDonald in the Eaton circuit court on complaint, cross complaint and answers thereto.  Appellant's two-volume, seven hundred plus page appendix testifies to the thoroughness of the trial.  The trial court filed a detailed written opinion in which he analyzed the testimony and those who gave it, made factual findings from this analysis, and concluded that plaintiff was entitled to a divorce and custody of the children.  While appellant contests the granting of a divorce to his wife and claims that, on the record, he should have been granted a divorce on his cross complaint, the real issue is stated on page 45 of appellant's brief,

"The future and welfare of these three minor children are at stake.  That is what this appeal is

about, and it is hoped that the Court will not only read this brief, but study the record, that a judgment in the best interests of these children may be made by this Court."

These children are now 7, 6, and nearly 5 years of age.

On appeal, divorce cases are heard *de novo,* but the advantage of the trial judge in hearing and seeing the witnesses has long been recognized. In *Chubb* v. *Chubb* (1941), 297 Mich 501, the Supreme Court said (p 506):

"While we are not restricted by the findings of the circuit court, a divorce case on appeal being heard *de novo,* especial consideration is given to such findings, so largely based upon the credibility of the witnesses, and the reviewing court ought not to reverse the determination of the trial court in such a case, unless convinced that it must have reached a different conclusion had it occupied the position of the lower court, under like circumstances."

What should convince an appellate court that it would have reached a different conclusion had it occupied the position of the lower court? If more than lip service is to be paid to the advantage accorded the trial judge, the appellate court must be able to determine that the findings relied on by the trial court are not supported by the record. Such was the case in *Ziontz* v. *Ziontz* (1949), 324 Mich 155, relied on by appellant. The converse of the rule is well stated in 2 Moore, Michigan Marriage, Divorce, and Separation (2d ed), § 2202, as follows (p 218):

"A judgment in a divorce case, justified by testimony, if believed, will not be disturbed on appeal, though founded on conflicting testimony, because the appellate court should consider the advantage which the trial judge had from his opportunity to hear and observe witnesses." (Citing cases.)

A review of the record would serve no purpose other than demonstrating the probability of failure of a marriage between a 31-year-old high school teacher and his 17-year-old pupil and the type of conduct on both sides that insures the failure. Unlike *Ziontz,* the record here supports the factual findings of the trial judge, and his decree with respect to granting a divorce will not be disturbed.

The cold record certainly would support an award of the custody of these young children to defendant. In reviewing the trial court's contrary award, several things must be kept in mind. The statutory presumption favors plaintiff. CL 1948, § 722.541 (Stat Ann 1957 Rev § 25.311). In *Ostergren* v. *Ostergren* (1962), 368 Mich 408, 411, the Supreme Court said:

"And, normally, we do not override the mother's statutory preference even when the proofs indicate the mother has been guilty of serious misconduct if the best interest of the children requires they be continued in her custody. Particularly is this so if the custody decision must be made at the time of entry of the divorce decree when the choice usually is between leaving the children with their mother or leaving them with their father."

The award of custody is a discretionary matter. CL 1948, § 552.16 (Stat Ann 1957 Rev § 25.96); CL 1948, § 722.565 (Stat Ann 1957 Rev § 25.241). The welfare of the children is the primary consideration, *Lehman* v. *Lehman* (1955), 342 Mich 708, and proof of unfitness is required to deprive the mother of custody, *Geark* v. *Geark* (1947), 318 Mich 614. The advantage of the trial court in being able to observe these parents during five days of trial, to hear their testimony, to interview them in chambers is peculiarly persuasive in the area of custody. It is such that

this Court is not prepared to say he abused his discretion in not finding the mother unfit.

Trial court should be affirmed, with costs to appellee.