ARSENAULT *v.* ARSENAULT.

1. Divorce—Appeal—Findings of Trial Court.

   Special consideration is given by the Court of Appeals to the findings of the trial court in a divorce case on appeal being heard *de novo,* since the findings are so largely based upon the credibility of the witnesses, and a reviewing court ought not to reverse the determination of the trial court in such case unless it is convinced that it must have reached a different result had it occupied the position of the lower court, under like circumstances.

2. Same—Custody of Children—Discretion of Court.

   The award of custody of children in a divorce action is a discretionary matter (CL 1948, §§ 552.16, 722.565).

3. Same—Custody of Children—Welfare of Children.

   The primary consideration in the matter of awarding custody of children in a suit for divorce is the welfare of the children.

4. Same — Custody of Children — Statutes — Presumption — Mother.

   The statute presumes that custody of minor children under the age of 12 years will be awarded to the mother (CL 1948, § 722.541).

5. Same—Appeal—Record—Custody of Children.

   Grant of divorce and custody of 8-year-old child to plaintiff wife and dismissal of defendant husband's cross-complaint for divorce and custody of child by trial court *held,* proper, as a *de novo* review of the record does not convince the Court of Appeals that it would have reached a different conclusion than that reached by the trial court.

References for Points in Headnotes

[1, 5, 7]  24 Am Jur 2d, Divorce and Separation § 337.
[2]  24 Am Jur 2d, Divorce and Separation § 779.
[3, 6]  24 Am Jur 2d, Divorce and Separation § 783.
[4]  24 Am Jur 2d, Divorce and Separation § 785.

6. SAME—CUSTODY OF CHILDREN—FITNESS OF MOTHER.

It is necessary to show that a mother who has been given custody of children in a decree of divorce is not a fit person to have such custody in order to deprive her thereof (CL 1948, § 722.541).

7. SAME—CUSTODY OF CHILDREN—APPEAL—DISCRETION OF COURT.

Grant of custody of 8-year-old child to mother in a decree of divorce, and, therefore, finding the mother to be a fit parent, *held,* not an abuse of discretion, as the trial court had the advantage of being able to observe the parents during the trial, and to hear their testimony.

Appeal from Oakland; Adams (Clark J.), J. Submitted Division 2 November 10, 1966, at Lansing. (Docket No. 906.) Decided December 22, 1966.

Complaint by Betty Arsenault against Frederick Arsenault for divorce for extreme cruelty. Defendant filed a cross-complaint for divorce for extreme cruelty. Judgment of divorce for plaintiff; cross-complaint dismissed. Defendant appeals. Affirmed.

*Thomas P. Gillotte,* (*Brakie J. Orr,* of counsel), for plaintiff.

*Powell, Peres, Carr & Jacques* (*Leonard A. Peres,* of counsel), for defendant.

QUINN, P. J. Plaintiff filed complaint for divorce on the basis of cruelty. Defendant answered and also filed a cross-complaint for divorce on the basis of cruelty to which plaintiff filed answer. At the conclusion of a full trial, plaintiff was granted a divorce, custody of an 8-year-old child, as well as other relief, and defendant's cross-complaint was dismissed. Defendant appeals and questions the propriety of the grant of divorce and custody to plaintiff and contends he should have been awarded the divorce and custody.

The rule governing this Court on an appeal of this type is well stated in *Chubb* v. *Chubb* (1941), 297 Mich 501, 506, as follows:

"While we are not restricted by the findings of the circuit court, a divorce case on appeal being heard *de novo,* especial consideration is given to such findings, so largely based upon the credibility of the witnesses, and the reviewing court ought not to reverse the determination of the trial court in such a case, unless convinced that it must have reached a different conclusion had it occupied the position of the lower court, under like circumstances."

A recitation of the facts relied on by each party would serve no purpose. Suffice it to say that *de novo* review of the record does not convince us that we would have reached a different conclusion than that reached by the trial judge had we occupied his position.

With respect to the award of custody to plaintiff, the statutory presumption favors her. CL 1948, § 722.541 (Stat Ann 1957 Rev § 25.311). In *Ostergren* v. *Ostergren* (1962), 368 Mich 408, 411, the Supreme Court said:

"And, normally, we do not override the mother's statutory preference even when the proofs indicate the mother has been guilty of serious misconduct if the best interest of the children requires they be continued in her custody. Particularly is this so if the custody decision must be made at the time of entry of the divorce decree when the choice usually is between *leaving* the children with their mother or *leaving* them with their father."

The award of custody is a discretionary matter. CL 1948, § 552.16 (Stat Ann 1957 Rev § 25.96); CL 1948, § 722.565 (Stat Ann 1957 Rev § 25.241). The welfare of the child is the primary consideration, *Lehman* v. *Lehman* (1955), 342 Mich 708, and proof of unfitness

is required to deprive the mother of custody, *Geark v. Geark* (1947), 318 Mich 614. The advantage of the trial court in being able to observe these parents during the trial, and to hear their testimony is peculiarly persuasive in the area of custody. It is such that this Court is not prepared to say the trial court abused its discretion in not finding the mother unfit.

Affirmed, with costs to plaintiff.

FITZGERALD and T. G. KAVANAGH, JJ., concurred.