CUNNINGHAM *v.* CUNNINGHAM

1. DIVORCE—MODIFICATION OF JUDGMENT—CUSTODY OF CHILDREN—REPORT OF FRIEND OF COURT—EVIDENCE.

   In proceeding to modify judgment of court as to custody of children of divorced parents, report of the friend of the court is inadmissible in evidence, except by agreement.

2. SAME—MODIFICATION OF JUDGMENT—CUSTODY OF CHILDREN.

   Judgment of trial court in modifying judgment of divorce changing custody of minor child from plaintiff mother to defendant father where court used friend of court's report and made an extra-judicial determination of evidence by questioning the friend of the court *held,* proper where the record contained evidence, aside from anything that may have been in the report of the friend of the court, of questionable behavior on the part of plaintiff, and adequately supports the finding that the interest of the child will be best served by the change.

Appeal from Lenawee, Martin (Rex B.), J.   Submitted Division 2 June 6, 1968, at Lansing.   (Docket No. 5,176.)   Decided November 29, 1968.

Motion by defendant Robert D. Cunningham to modify divorce judgment to award custody of child to him.   Motion granted.   Plaintiff Sharon D. Cunningham appeals.   Affirmed.

*Kohn & Jodis,* for plaintiff.

*Nichols & Clark,* for defendant.

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 24 Am Jur 2d, Divorce and Separation §§ 820, 825.

Fenlon, J. This appeal concerns the custody of Linda Sue Cunningham, three year old daughter of divorced parents.

The mother, Sharon Cunningham, appeals from an order of the Lenawee circuit court which provides for a change of custody of Linda Sue from the plaintiff to the defendant-appellee father.

The trial judge at the conclusion of the proofs on the hearing, in an opinion rendered from the bench, made reference to information gained in connection with the trial of the original suit for divorce five months earlier, and to information submitted by the friend of the court before the hearing on the petition for modification. He referred also to a conversation with the friend of the court had immediately after the hearing and prior to announcing the court's findings and decision granting defendant's petition.

The plaintiff contends that the trial judge erred in (1) using the friend of the court's report, (2) making an extra-judicial determination of evidence by questioning the friend of the court and permitting such to influence his decision; and (3) that the trial judge's findings were clearly erroneous in view of the evidence presented at the hearing on the petition seeking modification.

We agree with plaintiff's first two contentions. The law is well settled that the report of the friend of the court is not generally admissible as evidence, *Sweet* v. *Sweet* (1950), 329 Mich 251, except by agreement. *Bowler* v. *Bowler* (1958), 351 Mich 398.

We cannot agree with plaintiff's third contention "that the trial judge's findings were clearly erroneous in view of the evidence presented at the hearing on the petition seeking modification." The record, aside from anything that may have been in the report of the friend of the court, contains evidence of some rather questionable behavior on the part of

the plaintiff. The court however is not here confined solely to the issue of the unfitness of the mother. A determination of what would be best for the child is paramount.

"We have repeatedly stated that in awarding the custody of the children, the paramount consideration is their welfare, *Brookhouse* v. *Brookhouse* (1938), 286 Mich 151; *Riede* v. *Riede* (1942), 300 Mich 300; *Hornbeck* v. *Hornbeck* (1946), 316 Mich 208. The record indicates that both children are happy, well adjusted and receiving the best of care and training. A court of chancery is vested with a large measure of discretion in awarding the custody of children whose interests are before it. *Mason* v. *Mason* (1947), 317 Mich 95, and the cases cited therein. Nor does the statute restrict or qualify the discretion of the court in such matters unless there is an abuse thereof. *Davis* v. *Davis* (1941), 296 Mich 711; *Riede* v. *Riede, supra; Sawyer* v. *Sawyer* (1945), 312 Mich 524." *Brugel* v. *Hildebrant* (1952), 332 Mich 475, 481. *Foxall* v. *Foxall* (1947), 319 Mich 459, 464.

"This matter being an appeal from a decree of divorce is, of course, heard here on the record *de novo;* but the Court generally gives great weight to the findings of fact of the trial judge. The trial court is our arena for the test of truth. There the contesting parties and their witnesses appear face to face in flesh and blood with weight and size and demeanor under the eye of the trial judge. He sees the averted glance, marks the hesitation, detects the note of hysteria in the voice of a witness whose words may be calculated to deceive. The cold words on a printed page show none of these essentials to the search for fact. *Donaldson* v. *Donaldson* (1903), 134 Mich 289; *Vollrath* v. *Vollrath* (1910), 163 Mich 301; *Cooper* v. *Cooper* (1956), 345 Mich 44; *Hartka* v. *Hartka* (1956), 346 Mich 453."

"On appeal, divorce cases are heard *de novo,* but the advantage of the trial judge in hearing and seeing the witnesses has long been recognized. In *Chubb* v. *Chubb* (1941), 297 Mich 501, the Supreme Court said, p 506:

" 'While we are not restricted by the findings of the circuit court, a divorce case on appeal being heard *de novo,* especial consideration is given to such findings, so largely based upon the credibility of the witnesses, and the reviewing court ought not to reverse the determination of the trial court in such a case, unless convinced that it must have reached a different conclusion had it occupied the position of the lower court, under like circumstances.' *Gundry* v. *Gundry* (1965), 1 Mich App 475."

The record, without any reference to the report of the friend of the court, adequately supports the judge's findings that the best interest of the child would be served by a change of environment and removal to the home of the father.

Affirmed.

Lesinski, C. J., and R. B. Burns, J., concurred.