ALEXANDER v. LIQUOR CONTROL COMMISSION

1. Statutes — Liquor Licenses — Allocation — Construction of Statutes.

A long-standing administrative and judicial interpretation of the statute providing that one liquor license can be granted for each 1,500 of population is that it is applied successively to each local governmental unit and not to the state as a whole (MCLA § 436.19[c]).

2. Statutes — Construction of Statutes — Interpretation — Presumptions.

The administrative and judicial interpretation given a provision of a statute must be presumed to have been known to the Legislature.

3. Statutes—Interpretation—Re-enactment—Presumptions.

The re-enactment of statutory language after the Legislature is aware of its administrative and judicial interpretation carries with it legislative approval of such construction.

Appeal from Wayne, John D. O'Hair, J. Submitted Division 1 June 9, 1971, at Detroit. (Docket No. 9822.) Decided August 30, 1971. Leave to appeal denied, 386 Mich 766.

Complaint by Thomas Alexander and others against the Liquor Control Commission to restrain further issuance of licenses for sale of alcoholic liquor for consumption on the premises. Summary judgment for defendant. Plaintiffs appeal. Affirmed.

References for Points in Headnotes

[1] 45 Am Jur 2d, Intoxicating Liquors §§ 114–202.
[2, 3] 50 Am Jur, Statutes § 230.

*Devine, Kent & Devine,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard I. Rubin,* Assistant Attorney General, for the defendant.

Before: LEVIN, P. J., and QUINN and V. J. BRENNAN, JJ.

V. J. BRENNAN, J.   On February 3, 1970, the plaintiffs filed a complaint against the Michigan Liquor Control Commission claiming that the number of licenses for sale of alcoholic liquor for consumption on the premises outstanding exceeds the quota set by the Michigan Liquor Control Act.   That act provides, in pertinent part, that "No public license shall be granted for the sale of alcoholic liquor for consumption on the premises in excess of 1 license for each 1,500 of population or major fraction thereof". MCLA § 436.19c(a) (Stat Ann 1971 Rev § 18.990 [3][a]).   Plaintiffs urged that this provision should be interpreted to mean 1 license for each 1,500 of population on a statewide basis, as opposed to the long-standing interpretation that the provision referred to allocation of licenses according to the population of local governmental units.   According to the 1960 census, the commission has issued, on a statewide basis, 1 license for each 1,105 people, and according to the 1970 census, 1 for each 1,240 people.[1]   The plaintiffs sought a permanent injunction to restrain the commission from issuing any additional such licenses.   Wayne County Circuit Judge John D. O'Hair ruled that the statute refers to pop-

---

[1] The records of the Michigan Liquor Control Commission indicate that as of February 23, 1970, there were 7,075 licenses for the sale of alcoholic liquor for consumption on the premises in existence. According to the 1960 census, the population of the State of Michigan was 7,823,998; according to the 1970 census, it was 8,778,187.

ulation of local governmental units and entered a summary judgment of no cause of action; plaintiffs appealed.

This particular provision of the Liquor Control Act has long been interpreted to set a limit for the issuance of licenses per local governmental unit. *Herrick* v. *Liquor Control Commission* (1946), 315 Mich 301; *Hanson* v. *Romeo Village Council* (1954), 339 Mich 612; OAG, 1945–1946, No 4118, p 542 (December 12, 1945). Section 19c has been amended five times since its origination (1952, 1957, 1964, 1968, and 1970) and the language here in question has remained unchanged. It must be presumed that the Legislature was aware of the administrative and judicial interpretation of this provision and that the re-enactment of the language so construed carries with it legislative approval of such construction. *Chrysler Corp.* v. *Smith* (1941), 297 Mich 438, 452.

Affirmed.

All concurred.