RUPPEL v LESNER

Docket No. 67818. Submitted April 21, 1983, at Detroit.—Decided
    July 20, 1983. Leave to appeal applied for.

Richard O. and C. Charlotte Ruppel brought an action in Oakland
    Circuit Court seeking custody of their granddaughter pursuant
    to the provisions of the Child Custody Act. Named as defen-
    dants were Rodney P. and Pamela Lesner, the child's parents.
    Following a hearing on the question of temporary custody,
    David F. Breck, J., placed the child in the temporary custody of
    plaintiffs. Defendants appeal by leave granted from the inter-
    locutory order granting temporary custody, arguing that plain-
    tiffs lacked standing to sue, that the order granting plaintiffs
    temporary custody was improperly granted in that there was
    no showing that defendants were unfit parents, that plaintiffs'
    action was barred by res judicata and collateral estoppel and
    that defendants were denied their due process right to be fully
    heard. *Held:*

    1. Grandparents of a child have standing to seek custody
    under the provisions of the Child Custody Act.

    2. It is unnecessary to establish parental unfitness as a
    conditional precedent before custody can be changed under the
    provisions of the Child Custody Act.

    3. Since the question of child custody was not reached in the
    prior guardianship proceeding in the probate court, that prior
    proceeding between these parties does not bar the present
    circuit court proceeding under either the doctrine of res judi-
    cata or the doctrine of collateral estoppel.

    4. The trial court properly limited the scope of the proceed-
    ings to the immediate question of temporary custody, deferring
    the question of permanent custody for later hearing. Since

REFERENCES FOR POINTS IN HEADNOTES
[1] 59 Am Jur 2d, Parent and Child § 92.
    Award of custody where contest is between child's parents and
    grandparents. 31 ALR3d 1187.
[2] 42 Am Jur 2d, Infants §§ 42, 47.
    59 Am Jur 2d, Parent and Child § 26.
[3] 39 Am Jur 2d, Guardian and Ward § 59.
[4] 59 Am Jur 2d, Parent and Child § 42.

defendants were permitted an adequate hearing on the limited question before the court, defendants were not denied their due process right to a fair and full hearing.

Affirmed but remanded for further proceedings.

1. PARENT AND CHILD — CHILD CUSTODY ACT — GRANDPARENTS — STANDING.

   The grandparents of a child have standing under the Child Custody Act to bring an action seeking custody of the child (MCL 722.23; MSA 24.312[3]).

2. PARENT AND CHILD — CHILD CUSTODY ACT — PARENTAL UNFITNESS.

   A finding of parental unfitness is not a condition precedent to removing a child from the custody of his parents and placing the child in the custody of another pursuant to the provisions of the Child Custody Act (MCL 722.21 *et seq.;* MSA 25.312[1] *et seq.*).

3. PARENT AND CHILD — CHILD CUSTODY — GUARDIANSHIP — RES JUDICATA — COLLATERAL ESTOPPEL.

   Neither res judicata nor collateral estoppel bar the litigation of the question of the custody of a child in circuit court under the provisions of the Child Custody Act following the dismissal of a guardianship proceeding involving the same parties in probate court where the guardianship proceeding was dismissed on the basis that the statutory basis for such proceeding had not been established, since under such circumstances there was no adjudication by the probate court of the merits of the custody question.

4. PARENT AND CHILD — CHILD CUSTODY — DUE PROCESS.

   A trial court may properly limit the scope of proceedings on the question of an order of temporary custody of a child to those matters germane to the question of the temporary custody; such abbreviated proceedings are proper where, under the particular circumstances, the parties were given adequate opportunity to be heard on the limited question being decided by the court.

*Kutinsky, Davey & Solomon* (by *Sheila Solomon*), for plaintiffs.

*Talpos, Arnold & Rooyakker, P.C.* (by *William H. Horton, Robert G. Rooyakker* and *John C. Talpos*), for defendant.

Before: BRONSON, P.J., and MACKENZIE and J. H. GILLIS, JJ.

PER CURIAM. Defendants take by leave granted this interlocutory appeal from an order for temporary child custody issued by the Oakland County Circuit Court on November 5, 1982. Defendants are the parents of 13-year-old Julie Lesner. Plaintiffs are Julie's grandparents who were awarded temporary custody of Julie by the terms of the November order.

On appeal, defendants challenge the authority of the circuit court to make a determination on the custody petition filed by plaintiffs and contend that the petition does not state a claim on which relief could be granted because there has been no showing of parental unfitness, such as abuse, neglect or divorce. Defendants argue that a parent's right to custody of their child is a fundamental liberty interest protected by the Fourteenth Amendment, and a change in that custody can be effected only if the condition precedent, parental unfitness, has been established. In the instant case, since there has been no such showing of unfitness on the part of defendants, defendants contend that the award of temporary custody of their daughter Julie to her maternal grandparents violates due process and must be reversed by this Court.

Plaintiffs respond that the Child Custody Act allows third parties to institute an original action in circuit court to change custody of a minor child and that the Child Custody Act does not require a finding of parental unfitness before the institution of such an action. In addition, there is no support in the act for defendants' argument that a statutorily mandated condition precedent must exist before a child custody action against a parent may be maintained. Although the Child Custody Act

establishes a presumption in favor of parental custody, MCL 722.25; MSA 25.312(5), the standard to be applied is the best interests of the child, MCL 722.23; MSA 25.312(3). The circuit court, therefore, properly exercised jurisdiction under the Child Custody Act over the custody dispute instituted by plaintiffs.

We find plaintiffs' position to be the correct one.

"The Child Custody Act of 1970, MCL 722.21 *et seq.;* MSA 25.312(1) *et seq.;* permits a change of custody if it will be in a child's best interest. A parent, state agency, or third person (including a grandparent) may sue under this act. MCL 722.25; MSA 25.312(5)." *Bikos v Nobliski,* 88 Mich App 157, 165-166; 276 NW2d 541 (1979). (Footnote omitted.)

Defendants' contention that a "legislatively mandated condition precedent" must exist before a child custody action can be initiated is also without support. In *Bahr v Bahr,* 60 Mich App 354; 230 NW2d 430 (1975), *lv den* 394 Mich 794 (1975), this Court addressed whether parental unfitness must be shown before a change of custody would be ordered:

"Prior to the Child Custody Act of 1970, in a dispute between a parent and a third party or agency the best interests of the child were deemed to be served by awarding custody to the parent unless it could be affirmatively proven that the parent was unfit to have custody or had neglected or abandoned the child. Furthermore the court could not indulge in a comparison between the parental home and the proposed alternative. *In re Ernst,* 373 Mich 337; 129 NW2d 430 (1964), *Rincon v Rincon,* 29 Mich App 150; 185 NW2d 195 (1970). Neither of these formerly accepted principles was incorporated within the comprehensive provisions of the Child Custody Act. Since the Legislature is presumed to be aware of the long-standing judicial

precedent affecting an area in which an exhaustive codification of the law is undertaken and enacted, we must conclude the omission was intentional. See *Alexander v Liquor Control Comm,* 35 Mich App 686, 688; 192 NW2d 505 (1971), *Jeruzal v Wayne County Drain Comm'r,* 350 Mich 527, 534; 87 NW2d 122 (1957)." 60 Mich App 359.

We therefore hold that third parties may institute an original child custody proceeding, without a prior showing of parental unfitness.

Defendants also challenge the jurisdiction of the circuit court over the instant custody dispute because there had been an earlier guardianship proceeding involving the same parties in probate court. Defendants argue that plaintiffs are barred by res judicata and collateral estoppel from relitigating the claims previously extinguished by the judgment of the probate court which involved a determination of the parent-child relationship. Since the probate court denied the petition for guardianship, with defendants retaining custody of the child, defendants contend that plaintiffs cannot seek a redetermination of the same issues in circuit court.

We disagree. We find that neither principles of res judicata nor collateral estoppel apply in the instant action.

In *Braxton v Litchalk,* 55 Mich App 708, 717-718; 223 NW2d 316 (1974), this Court discussed the two doctrines:

"[T]he doctrine of res judicata is applicable to a second suit involving the same cause of action as that raised in the first suit, and will bar the relitigation of issues which actually were or might have been presented before the court in the first action. As noted in *Topps-Toeller, Inc v Lansing,* 47 Mich App 720, 726-727; 209 NW2d 843 (1973), *lv den* 390 Mich 788 (1973), res

judicata bars a subsequent suit between the same parties or their privies when the same cause of action is raised in a subsequent suit, and when the facts or evidence essential to the maintenance of both actions are identical. On the other hand, collateral estoppel will bar the relitigation of issues previously decided in the first action when the parties to the second action are the same; where the second suit is a different cause of action, the bar is conclusive only as to issues actually litigated in the first suit."

Under the Revised Probate Code, jurisdiction over the appointment of guardians is vested in the probate court. MCL 700.1 *et seq.;* MSA 27.5001 *et seq.* Plaintiffs instituted guardianship proceedings in probate court in August, 1980. At that time, the probate court had the power to appoint a guardian for an unmarried minor if parental custody rights had been terminated or suspended by circumstances or prior court order. MCL 700.424; MSA 27.5424. That section was amended prior to the entry of the final order of the probate court to provide:

"(1) A person interested in the welfare of a minor, or a minor if 14 years of age or older, may petition for the appointment of a guardian of the minor.

"(2) The court may appoint a guardian for an unmarried minor if either of the following circumstances exist:

"(a) The parental rights of both parents or of the surviving parent have been terminated or suspended by prior court order, by judgment of divorce or separate maintenance, by death, by judicial determination of mental incompetency, by disappearance, or by confinement in a place of detention.

"(b) The appointment is necessary for the immediate physical well-being of the minor."

Under this statute, a guardian may not be ap-

pointed unless one of either statutory criterion is met. The issue before the probate court, therefore, was whether either condition precedent existed. In a lengthy order and opinion, Oakland County Probate Court Judge Barry M. Grant denied plaintiffs' petition for guardianship, finding specifically that subsection (a) did not apply because defendants' parental rights had not been terminated or suspended. Guardianship based upon subsection (b) was also deemed inappropriate as the probate court determined that there was no convincing proof of either abuse or neglect by defendants.

Both sides have stipulated that custody was disputed at the probate court proceedings. In his opinion, however, Judge Grant indicated that the issue of custody would only be considered if plaintiffs proved that defendants had terminated or suspended their rights over the child. Since the probate court denied plaintiffs' request for guardianship, the court did not make a determination on custody because the prerequisite condition, a need for guardianship, had not been fulfilled.

Since the probate court did not reach the custody issue, although it was raised in the probate proceeding, the issue was not barred from relitigation in the circuit court action by the principles of either res judicata or collateral estoppel.

Defendants cite as error mandating reversal numerous procedural irregularities related to the hearing on temporary custody held November 5, 1982. We have reviewed the record and, given the emergency nature of this temporary custody proceeding, we find no reversible error.

The emergency arose as follows. On November 3, 1982, plaintiffs filed their petition for change of custody. That evening, after a confrontation between Julie and her mother, defendant Pamela

Lesner, Julie left the house in her nightclothes and went to a friend's home. Julie refused to return home with her parents. Julie was taken to the juvenile home, where she continued to refuse to return to defendants' home. The next day, at plaintiffs' request, the trial court issued an order to show cause as to why plaintiffs should not be granted temporary custody of Julie. The hearing was scheduled for Friday, November 5, at 8:30 a.m. At that hearing, which commenced at 9:20 a.m., the trial judge informed both sides that he would only consider whether custody should be changed on a temporary basis and that the issue of permanent custody could be addressed at a later date, with more testimony being presented, if needed. Midway through the proceedings, the trial judge stated to counsel for defendants:

"Let me make a suggestion to you. I don't have much more time and at the conclusion of the testimony today, I'm going to have to make a decision on temporary custody. It may be that you might want to put on a witness to rebut whats *[sic]* been testified to in order to make good use of the time that's left. * * *

* * *

"I'm just cautioning you that I'm walking out [of] this courthouse at 11:30 to catch an airplane and before 11:30 I will make a decision based on what I've heard beween now and then and what I've heard previously this morning."

At the conclusion of the November 5, 1982, hearing, the trial judge signed an order changing custody of Julie to the plaintiffs on a temporary basis. The order did not provide for visitation with the parents because the trial judge indicated that he wanted a recommendation from the Friend of the Court first. At that point, defense counsel indicated that his office was already preparing an

appeal. The trial judge then indicated that the order for temporary custody would take immediate effect and continue during the appeal period. The trial judge also indicated that, since this was an order for *temporary* custody, the parties should arrange to come back and address the issue of whether custody should be transferred to plaintiffs on a permanent basis.

Defendants argue that this abbreviated hearing denied them the opportunity to be heard and that, without a full and complete record, the trial court could not comply with the requirements of the Child Custody Act. Defendants also state that they were not allowed proper time to subpoena necessary witnesses. Plaintiffs respond that the trial court recognized the emergency nature of the matter and made only a temporary change of custody at that time.

The concept of due process is flexible and the type of hearing required may be affected by the nature of the case.

"Notice and the opportunity to be heard are fundamental concepts in the jurisprudence of our state and federal courts. No rigid rule determines which interests will be protected or unprotected; the conclusion to be drawn is that what is procedurally fair in one situation to protect the rights of individuals may be unfair in another." *Westland Convalesent Center v Blue Cross & Blue Shield of Michigan,* 414 Mich 247, 261; 324 NW2d 851 (1982).

In the instant case, circumstances dictated that a hearing be held as soon as possible to determine whether Julie would remain at the juvenile home or live with her grandparents on a temporary basis. The trial court limited the scope of the testimony to the time period immediately preced-

ing the November 3, 1982, incident and the incident itself. Defendants were allowed to cross-examine Julie Lesner and offered the testimony of Julie's mother, Pamela. Since Julie and her mother were the two participants in the incident, given the circumstances, defendants were not denied an opportunity to be heard.

This case must necessarily return to the trial court for a determination of the issue of permanent custody of Julie. Prior to that decision, defendants shall be allowed to present any and all witnesses they feel are necessary to assist the trial court in determining what is ultimately in the best interests of the child.

In May of 1981, prior to the November, 1982, temporary custody determination, plaintiffs sought and were eventually awarded visitation privileges with their granddaughter. In this appeal, defendants claim that plaintiffs, as third parties, could not bring an original action for visitation under the Child Custody Act where no child custody dispute was pending and, therefore, the trial court erred in denying defendants' motion for summary judgment brought at that time.

We decline to review this issue because the institution of the custody proceedings precludes this Court from granting any relief as to the previous visitation orders. Whether the grandparents can bring an original action for visitation is now moot and we do not issue "abstract opinions of purely academic interest". *In re Butterfield Estate,* 100 Mich App 657, 671; 300 NW2d 359 (1980); *Swinehart v Secretary of State,* 27 Mich App 318; 183 NW2d 397 (1970), *lv den* 384 Mich 801 (1971).

We affirm the trial court's order for temporary custody and remand to the circuit court for further proceedings.