## LONDON *v.* CITY OF DETROIT.

1. APPEAL AND ERROR—CHANCERY CASES—DE NOVO HEARING—FINDINGS OF FACT.

   The Supreme Court hears chancery matters *de novo* on the record but gives great weight to the findings of fact of the trial judge who hears the testimony, especially where it is in conflict.

2. MUNICIPAL CORPORATIONS—NONCONFORMING USE ANTEDATING ZONING ORDINANCE—FINDING OF FACT—RECORD.

   Finding of fact by trial court in suit by owner of 2 city lots in area, zoned for residence use, to enjoin city's interference with his use thereof for parking cars of patrons of his nearby bowling alley, that such nonconforming use had been continuous since prior to the adoption of the zoning ordinance, is not disturbed under record presented.

3. SAME—ZONING ORDINANCE—ANTEDATING NONCONFORMING USE.

   A city lot owner's vested rights to the continued use thereof in a manner not conforming to zoning ordinance adopted after commencement of such use and excepted therefrom is not subject to rule that his remedies under the zoning ordinance must first be exhausted before he may resort to the courts for relief, since such rights did not arise under such ordinance.

4. INJUNCTION—CONTINUANCE OF NONCONFORMING USE—ZONING ORDINANCE—ADEQUATE REMEDY AT LAW.

   Lot owner's use of 2 city lots for purpose of parking cars of bowling alley patrons, which use antedated adoption of zoning ordinance and as to which the use was nonconforming, was properly subject to protection by injunction against city for interference with such use, there being no adequate remedy at law.

---

REFERENCES FOR POINTS IN HEADNOTES

[2]  58 Am Jur, Zoning § 146 *et seq.*

[3, 4]  58 Am Jur, Zoning § 247.

Appeal from Wayne; Brennan (John V.), J. Submitted October 7, 1958. (Docket No. 3, Calendar No. 47,053.) Decided December 3, 1958.

Bill by Jack London, also known as Isreal J. London, against the City of Detroit and its building and engineering commissioner to enjoin interference with use of parking lot in connection with his business. Decree for plaintiff. Defendants appeal. Affirmed.

*Wilcox, Lacy, Lawson, Kirby & Hoffman (Eugene D. Kirby,* of counsel), for plaintiff.

*Nathaniel H. Goldstick,* Corporation Counsel, and *John F. Hathaway,* Assistant Corporation Counsel, for defendants.

EDWARDS, J. Plaintiff is owner of a bowling alley located on Grand River avenue in Detroit. He also owns 2 lots known as 6817–6823 Vinewood which are located nearby and which he has used, and seeks to continue to use, for parking the cars of bowling patrons.

The city of Detroit in a zoning ordinance, effective December 25, 1940, zoned these 2 lots for R2, a residence classification, requiring a special permit before property thus zoned could be used for a parking lot. No such permit has been obtained by plaintiff, and the city of Detroit, through its department of buildings and safety engineering, filed an ordinance-violation complaint against plaintiff in Detroit's recorder's court, traffic and ordinance division.

Plaintiff, while that complaint was pending, brought this chancery action to enjoin the city of Detroit from interfering with his use of these lots for parking cars. He claimed that the use of these lots

for this purpose antedated the effective date of the zoning ordinance, and that he had a vested right to a nonconforming use of the property in question.

The chancellor who heard the matter took testimony from the owner and the neighbors and found as a fact "such nonconforming use existed at the time of the effective date of the zoning ordinance," and that such use had been "continuous from a date prior to the effective date of the zoning ordinance."

This represented a summary of the testimony of 2 neighbors whose home was directly across the street from the 2 lots and who had lived there all the time, and who had apparently no connection with plaintiff. There was, of course, testimony to the contrary.

While we hear chancery matters *de novo* on the record, we give great weight to the findings of fact of the judge who hears the testimony. *Blough* v. *Steffens,* 349 Mich 365; *Hartka* v. *Hartka,* 346 Mich 453.

From a review of this record we find no reason to reject the findings of fact entered by the circuit judge.

The principal issue of law presented is phrased by appellants as follows:

"Did the trial court err in entertaining equitable jurisdiction of a bill of complaint filed by plaintiff to determine the question of fact as to whether or not he had a vested nonconforming use under the zoning ordinance on his property, where plaintiff had failed and refused to exhaust his administrative remedy of appeal to the board of zoning appeals?"

The zoning ordinance of the city of Detroit deals thus with the matter of nonconforming uses:

"Sec. 3.3.   *   *   *

"(b) Any such nonconforming use may be maintained and continued, provided there is no increase

or enlargement of the area, space or volume occupied by or devoted to such nonconforming use."*

The ordinance does not require any application or permit to continue a nonconforming use. The language quoted plainly excepts such uses from the effect of the zoning ordinance.

Thus, the right to use this land for parking, which plaintiff seeks to enforce, was not created by the zoning ordinance. It existed before the ordinance, and the ordinance merely recognized it by excepting the nonconforming use from its zoning regulations.

Defendants rely upon language in *Certain-teed* to the effect that administrative remedies under a zoning ordinance should be exhausted prior to appeal to the courts. *Certain-teed Products Corporation* v. *Paris Township,* 351 Mich 434, 452.

See, also, *DeCarlo* v. *Town of West Miami* (Fla), 49 So2d 596.

However, equity jurisdiction to hear an attack upon the constitutionality of a zoning ordinance has been frequently upheld regardless of whether or not the administrative machinery of the zoning ordinance has been exhausted. *Long* v. *City of Highland Park,* 329 Mich 146; *Village of Euclid* v. *Ambler Realty Company,* 272 US 365 (47 S Ct 114, 71 L ed 303, 54 ALR 1016); *City of Miami Beach* v. *Perell* (Fla), 52 So2d 906.

The courts have likewise upheld an owner of a nonconforming use in appealing directly to the courts for injunctive relief against infringement of his pre-existing rights by a zoning ordinance. *Biscay* v. *City of Burlingame,* 127 Cal App 213 (15 P2d 784); *Oklahoma City* v. *Dolese* (CCA), 48 F2d 734, 117 ALR 1117, 1137.

---

* Detroit, Official Zoning Ordinance (1953), § 3.3(b), p 9.—Re-porter.

We believe that the circuit judge's findings of fact and decree were correct in enjoining an unlawful application of the zoning ordinance to plaintiff's property. We likewise feel that the circuit judge was correct in finding that plaintiff had no adequate remedy at law.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, VOELKER, and KAVANAGH, JJ., concurred.