BARRY COUNTY *v.* EDMONDS

ZONING—CONSTITUTIONAL LAW—ZONING APPEAL BOARD.
> The constitutionality of a zoning ordinance can be attacked in a separate proceeding by a person who has been denied a variance by the zoning appeal board and has failed to appeal that decision.

Appeal from Barry, Richard E. Robinson, J. Submitted Division 3 April 8, 1970, at Grand Rapids. (Docket No. 6,356.)   Decided July 30, 1970.

Complaint by the County of Barry against Howard Edmonds and Agnes Edmonds to enjoin them from violating the county zoning ordinance.   Defendants' counterclaim that the ordinance is unconstitutional as applied dismissed, and injunction granted.   Defendants appeal.   Reversed and remanded.

*David A. Dimmers,* for plaintiff.

*Cortright & Boddy,* for defendants.

Before: HOLBROOK, P. J., and BRONSON and E. W. BROWN,* JJ.

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

---

REFERENCES FOR POINTS IN HEADNOTE
58 Am Jur, Zoning § 245.
Attack upon validity of zoning statute or ordinance as affected by provisions for variations, permits, etc.   136 ALR 1378.

Per Curiam. In 1966 the County of Barry, plaintiff-appellee, enacted a zoning ordinance pursuant to MCLA § 125.201 *et seq.* (Stat Ann 1969 Rev § 5.2961[1] *et seq.*). Certain land owned by defendants-appellants was zoned as part of an agricultural district. In 1967 defendants applied to the county zoning administrator for a variance to permit a mobile home to be placed on their land. Defendants' request was denied and they appealed to the Barry County Zoning Board. On June 14, 1967, the appeal board denied their request for a variance. No appeal was taken by defendants to the circuit court as provided by statute, CL 1948, § 125.223 (Stat Ann 1969 Rev § 5.2961[23]). Instead, defendants moved a mobile home onto their land in disregard of the rulings of the court zoning administrator and the zoning board of appeals.

On December 4, 1967, Barry County brought an action in the Barry County Circuit Court to enjoin defendants from violating the county zoning ordinance. The ordinance itself, as well as CL 1948, § 125.224 (Stat Ann 1969 Rev § 5.2961[24]), declares a violation to be a nuisance *per se*. Defendants filed a counterclaim alleging that the ordinance was unconstitutional in that it arbitrarily and unreasonably deprives them of the reasonable use of their property, and sought an order restraining the enforcement of the alleged unconstitutional ordinance.

The trial court dismissed the counterclaim on the ground of *res judicata* inasmuch as defendants had not appealed from the decision of the zoning board of appeals. Injunctive relief was granted in accordance with plaintiff's prayer. The sole question on appeal is whether defendants can attack the constitutionality of the zoning ordinance in a separate proceeding after being denied a variance by the

zoning appeal board and having failed to appeal that decision.

In dismissing defendants' counterclaim, the trial court reasoned as follows:

"Undoubtedly, an attack on the ordinance as being totally void or unconstitutional could be presented to the court at any time, as defendants have urged in their brief. However, this is not the nature of their attack, which is limited to the claim that it is unconstitutional only as to these defendants for the reason that it arbitrarily and unreasonably deprives them of the reasonable use of their property. In the latter instance, it would seem that resort should be had to administrative relief before seeking judicial relief (8A McQuillin, Municipal Corporations, p 329).

\* \* \*

"Although the question of the constitutionality of the statute as to these defendants was apparently not discussed as such at the appeal board hearing, it seems to have been raised in terms of unreasonableness which appears to be the other side of the same coin, and in any event it was a matter that the defendants could have raised in circuit court by timely appeal. By ignoring the appeal board's decision and failing to timely pursue their remedy of appeal, they are now barred from asserting the question of unreasonableness (constitutionality). See *Wolff* v. *Steiner* (1957), 350 Mich 615; and 8A McQuillin, Municipal Corporations, p 399."

From the foregoing, it appears that the trial court viewed the constitutional question concerning the reasonableness of the ordinance as an issue identical to the question which was before the board of zoning appeals in the form of a request for a variance. However, the counterclaim of defendants was not an action to review the determination of the board of zoning appeals. It was a separate suit challenging

the constitutionality of the zoning ordinance. It was not subject to the statutory time limitation for taking appeals from the board since it was not an appeal.

The rule relating to an attack on a zoning ordinance subsequent to a denial of a requested variance is set out in 2 Rathkopf, The Law of Zoning and Planning, § 4, p 36–11:

"Prosecution of an application for a variance before a Board of Appeals does not constitute a bar to a subsequent action to declare the ordinance invalid as unconstitutional, even if the same facts are alleged as the basis for the action which were previously set forth as the basis for the claim of unnecessary hardship."

In *London* v. *Detroit* (1958), 354 Mich 571, the Supreme Court held, p 574:

" * * * equity jurisdiction to hear an attack upon the constitutionality of a zoning ordinance has been frequently upheld regardless of whether or not the administrative machinery of the zoning ordinance has been exhausted. *Long* v. *City of Highland Park* (1950), 329 Mich 146; *Village of Euclid* v. *Ambler Realty Company* (1926), 272 US 365 (47 S Ct 114, 71 L Ed 303, 54 ALR 1016); *Miami Beach* v. *Perell* (Fla, 1951), 52 So 2d 906." See also *Arverne Bay Construction Co.* v. *Thatcher* (1938), 278 NY 222 (15 NE2d 587).

The conclusion is inescapable that the question on appeal must be answered in the affirmative. The trial court erred in dismissing defendants' counterclaim.

This cause is therefore reversed and remanded to the trial court to reinstate the counterclaim. Costs to the appellants.