ASHWELL v. ASHWELL

1. DIVORCE—ALIMONY—DISCRETION.

Granting defendant wife in a divorce $1,500 in lieu of permanent alimony was not error where the wife, who had been employed off and on throughout the 34-year marriage, was earning $90 a week and the husband was earning $210 a week, and the parties' property was modest.

2. DIVORCE—ALIMONY—RESERVING QUESTION OF ALIMONY—JUDGMENT MODIFIED.

Judgment of divorce awarding the wife $1,500 in lieu of permanent alimony remanded for modification of the judgment so as to reserve the question of alimony where the parties had been married for almost 34 years and the wife was 56 years old, because, although the award of $1,500 was not error, the possibility might arise in the future that the wife will need support from her husband (MCLA § 552.28).

Appeal from Wayne, John D. O'Hair, J. Submitted Division 1 January 13, 1971, at Detroit. (Docket No. 9463.) Decided February 25, 1971.

Complaint by Percy Ashwell against Inez Ashwell for divorce. Judgment for plaintiff. Defendant appeals. Affirmed except provision for alimony remanded to be modified.

*Russell J. Comer,* for plaintiff.

*Kasko, Williams & Associates, P. C.,* for defendant.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 24 Am Jur 2d, Divorce and Separation §§ 614–616.

Before: V. J. Brennan, P. J., and Fitzgerald and Levin, JJ.

Per Curiam. The defendant wife, Inez Ashwell, appeals from a judgment of divorce granted her husband, plaintiff Percy Ashwell. She contends that the evidence fails to establish a sufficient basis for granting an absolute divorce on the ground of extreme cruelty and that the trial judge erred in distributing the property of the parties and in granting her $1,500 in lieu of permanent alimony.

The evidence offered in behalf of the husband amply supports the judge's conclusion that the husband had established grounds for a divorce. The judge, who sat as trier of the fact and was the judge of the credibility of the witnesses, was at liberty to disbelieve the testimony of the defendant wife and the other testimony offered in her behalf. On our review of the record, we are satisfied that we would not be justified in concluding that the judge's findings of fact were clearly erroneous.

The property of the parties was modest and we find no error in the provisions of the judgment concerning the division of the property.

The parties were married July 22, 1936. The judgment of divorce was entered February 27, 1970, after almost 34 years of marriage. The wife was employed off and on throughout the marriage. She was 56 years of age at the time of the hearing and was earning $90 a week. The husband was 58 and was earning $210 a week.

While we are satisfied that the judge did not err in failing to award the wife alimony in excess of the $1,500 which he allowed, we think, having in mind the length of the marriage and the age of the wife, that provision should be made for the possibility that she will require support from her husband some

time during her life. It may become appropriate at some future time, having in mind the husband's then circumstances and the wife's, to require him to pay some periodic amount as alimony for her support. Accordingly, the case is remanded for entry of an order modifying the judgment of divorce so as to reserve the question of alimony (MCLA § 552.28 [Stat Ann 1957 Rev § 25.106]); otherwise the judgment is affirmed.