BUETTNER *v.* BUETTNER

1. DIVORCE—APPEAL AND ERROR—SCOPE OF REVIEW.
     Divorce cases are tried *de novo* on appeal.

2. DIVORCE—APPEAL AND ERROR—TRIAL DE NOVO—STANDARD OF RE-
    VIEW.
     Divorce cases are tried *de novo* on appeal, but the judgment of
     the lower court should be affirmed unless the appellate court
     would have decided the case differently.

Appeal from Washtenaw, Harold Van Domelen, J.  Submitted Division 2 May 4, 1971, at Lansing. (Docket No. 8582.)  Decided May 18, 1971.

Complaint by William H. Buettner, Jr., against Josephine V. Buettner for divorce.  Complaint by defendant against plaintiff for separate maintenance.  Cases consolidated for trial.  Judgment for plaintiff.  Defendant appeals.  Affirmed.

*Keyes, Creal & Hurbis,* for plaintiff.

*John R. Laird,* for defendant.

Before: McGREGOR, P. J., and BRONSON and O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 4 Am Jur 2d, Appeal and Error §§ 11, 355, 377.

McGREGOR, J.   Plaintiff filed suit on September 1, 1968, seeking an absolute divorce from defendant on the grounds of extreme cruelty.  On September 13, 1968, defendant filed a complaint for separate maintenance on the grounds of extreme cruelty. Both actions were consolidated for trial.  The trial court found for plaintiff on his complaint and granted him a judgment of divorce.

Defendant appeals, contending that the evidence failed to establish a sufficient basis for granting an absolute divorce on the grounds of extreme cruelty.

Significantly, the transcript shows that, in September, 1968, just prior to his filing for a divorce, plaintiff asked the defendant for a divorce; she stated that, in return for a divorce, she wanted the house free and clear, all of the furnishings, $7,000 in cash, and one-half of the plaintiff's income for her life.

Testimony in this cause clearly indicates that the possibility of continuing the marriage between these parties was hopeless.  A ruling of the Michigan Supreme Court is relevant in the instant situation:

"This matter being an appeal from a decree of divorce is, of course, heard here on the record *de novo;* but the Court generally gives great weight to the findings of fact of the trial judge.  The trial court is our arena for the test of truth.  There the contesting parties and their witnesses appear face to face in flesh and blood with weight and size and demeanor under the eye of the trial judge.  He sees the averted glance, marks of hesitation, detects the note of hysteria in the voice of a witness whose words may be calculated to deceive.  The cold words on a printed page show none of these essentials to the search for fact." *Hartka* v. *Hartka* (1956), 346 Mich 453, 455.

Even though divorce cases are tried *de novo* on appeal, unless the appellate court would have de-

cided the case differently had it been sitting at the trial court level, the judgment should be affirmed. Both partners seek an end to the physical, emotional, and spiritual relationship of this marriage, one of them desiring an absolute divorce, and the other a separate maintenance. The record does not indicate that the doctrine of recrimination was injected into the case.

The same issue is raised here as in *Ashwell* v. *Ashwell* (1971), 31 Mich App 172, 173. We reach the same result.

"The evidence offered in behalf of the husband amply supports the judge's conclusion that the husband had established grounds for a divorce. The judge, who sat as trier of the fact and was the judge of the credibility of the witnesses, was at liberty to disbelieve the testimony of the defendant wife * * * . On our review of the record, we are satisfied that we would not be justified in concluding that the judge's findings of fact were clearly erroneous." *Ashwell* v. *Ashwell, supra.*

Affirmed. Costs to plaintiff.
All concurred.