SHAW *v.* SHAW.

1. DIVORCE—PROPERTY SETTLEMENT.

> The property settlement problems involved in a suit for divorce are not to be approached as though it were a partnership accounting.

2. SAME—DIVISION OF PROPERTY.

> Determination of trial judge that award of 2/3 of the property to the wife and 1/3 to the husband was equitable *held,* proper upon termination of childless, 4-year marriage, where such division took into account the wife's larger savings at marriage, the misconduct of the husband causing the termination of the marriage, and recognized the husband's contribution to the accumulation of the property and supported the division.

3. SAME—DE NOVO REVIEW OF DECREE.

> The Supreme Court hears appeals from decrees of divorce *de novo* but gives great weight to the view of the evidence expressed by the circuit judge.

4. SAME—DIVISION OF PROPERTY—SECURITY OF A LIVING FOR WIFE.

> What constitutes a fair division of property in a suit for divorce must be determined in the light of the particular facts, a major consideration being the security of a living for the wife.

5. SAME—REHEARING—NEW ESTIMATE OF VALUE OF AN ASSET.

> Denial of motion for rehearing in suit for divorce, where motion is viewed merely as a tender of a new estimate of value of the tavern, an asset awarded husband, *held,* proper, where no reason is shown why the estimate could not have been available at the original hearing.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 17A Am Jur, Divorce and Separation §§ 924–940.
[3] 2 Am Jur, Appeal and Error § 3; 3 Am Jur, Appeal and Error §§ 833, 883, 912.
[5] 17 Am Jur, Divorce and Separation § 457.

Appeal from Muskegon; Beers (Henry L.), J. Submitted October 19, 1961. (Docket No. 101, Calendar No. 48,709.) Decided November 30, 1961.

Bill by Ernestine F. Shaw against Earl C. Shaw for divorce on grounds of extreme and repeated cruelty. Decree for plaintiff. Plaintiff appeals, claiming property settlement inadequate. Affirmed.

*Charles E. Silky,* for plaintiff.

*Carr & Carr* (*Robert A. Carr, Jr.,* of counsel), for defendant.

EDWARDS, J. This is an appeal from a divorce decree entered in Muskegon county circuit court, by which plaintiff wife was granted a divorce from defendant husband.

The marriage had been one of 4-years duration. No children were born. At the hearing the husband withdrew his answer to the wife's bill of complaint and the circuit judge held that the wife's proofs furnished adequate grounds for the decree.

Neither party complains about the divorce. The parties stipulated in circuit court that the sole issue to be decided was the division of property between husband and wife.

At the hearing below and here the parties argue the property settlement problem with the particularity of a partnership accounting proceedings. The circuit judge rejected this approach below, and we do likewise.

Apparently there was little dispute below about the property to be dealt with or its value. All of it was acquired during the 4 years of the marriage. The circuit judge summarized it as follows:

"The home is appraised at ..............$18,750
Furniture ...............................  2,000
Tavern in Antrim county .................  36,000
Bank account which was formerly joint but
    presently in the plaintiff's name .........  3,800
Property on Torch lake .................  5,000
                                         _____
        Total                            $65,550

"Against this property there are liabilities as
        follows:
    "The tavern property ...................$14,500
  .  Mortgage upon the home ................  2,300
                                         _____
        Total                            $16,800
"This leaves a net of $48,750 of valuation which
it is necessary to  *  *  *  divide."

.  The essential disputes were about the amounts of
money each party contributed toward the acquisition
of the property referred to either through prior sav-
ings or earnings during the marriage.

The wife in effect took the position that her sav-
ings and earnings were the only assets of the parties
available for purchase of the tavern, the house and
the lake property. She contends that her savings
before and during the marriage should have been re-
turned to her first in the sum of approximately
$22,000, and then the balance should have been divid-
ed 75% to her and 25% to her husband.

The circuit judge dealt with the positions and as-
sets of the parties as follows:

"The plaintiff contends that she should have prac-
tically all of the assets, claiming the husband made
practically no contribution. The defendant contends
that he worked constantly, built the house, worked on
plaintiff's property which she owned known as the
West street house, made extensive repairs to the
tavern property and ran the tavern, deposited the

money taken in in the joint funds of the parties, and, therefore, should receive 1/2 of the property.

"After studying this matter carefully, I believe the plaintiff did put a great deal more money into the property than the defendant, but I also am of the opinion the defendant did work hard and that his labor certainly contributed a great deal. However, the defendant is to blame for the fact that these parties are getting a divorce, and I do not feel he should receive 50% of these assets. It seems to me that an equitable division of this property would be to award 2/3 of this net valuation to the plaintiff and 1/3 to the defendant. This would be an award of $32,500 of valuation to the plaintiff and $16,250 to the defendant.

"I will allow these parties the opportunity to agree upon how this property shall be divided subject to the above. If they do not reach an agreement within 30 days of the filing of this opinion, the property will be divided as follows: The plaintiff will receive the home, $16,450; furniture, $2,000; lot on Torch lake, $5,000; bank account, $3,800; the total of $27,250. Defendant will be required to pay to the plaintiff in addition to this the sum of $5,250 in cash, making a grand total of $32,500. This will leave the defendant with the equity in the tavern property which is $21,500 less the $5,250 above mentioned, or a total to him as above stated of $16,250."

The wife, who is employed as a professional anesthetist, was given 2/3 of the property, including a house valued at in excess of that sum which she claimed to have brought to the marriage. The husband was given 1/3, including the tavern in which he currently makes his living. It is obvious to this Court that the circuit judge took into account in his decree both the larger savings of the wife at marriage and the misconduct of the husband which terminated the marriage. It is obvious also that he rejected plaintiff's contention that her husband contributed

nothing of value to the accumulation of the property of the parties.

The record on appeal offers ample support for his findings of facts. While we hear appeals from divorce decrees *de novo,* we give great weight to the view of the evidence expressed by the circuit judge. *Hartka* v. *Hartka,* 346 Mich 453. Further, we do not think that, if we had sat in the case below, we would have reached a different result, or that on appeal we can accomplish a more equitable distribution.

Plaintiff-appellant relies upon language contained in *Mitchell* v. *Mitchell,* 333 Mich 441, 446:

"While the general rule is that a division of property must be equitable, what constitutes a fair division, in a case of this nature, must be determined in the light of the particular facts. Security of a living for the wife should be a major consideration. *Casciola* v. *Casciola,* 317 Mich 485; and *Kwiatkowski* v. *Kwiatkowski,* 326 Mich 346."

But we note that this wife claims to have brought $16,000 of savings to this marriage. By the decree she appeals from, she leaves it with twice that sum. In addition, she has a profession. She has no responsibility for children from this marriage. We do not feel that the circuit judge's decree ignored her security.

Nor did the circuit judge err in denying a motion for rehearing based on what we construe to be merely a tender of a new estimate of value of the tavern. No reason is shown why this estimate could not have been available at the original hearing.

Affirmed. Costs to appellee.

Dethmers, C. J., and Carr, Kelly, Black, Kavanagh, Souris, and Otis M. Smith, JJ., concurred.