TIFFANY *v.* TIFFANY.

1. DIVORCE—DE NOVO REVIEW—SUPREME COURT.
    The Supreme Court does not reverse the determination of the trial court on *de novo* review of a divorce case unless convinced that a different conclusion would have been reached had the Supreme Court been in the position of the trial court.

2. SAME—EXTREME CRUELTY—EVIDENCE.
    Extreme cruelty, such as to endanger the mental or physical health of either spouse, *held*, not to have been shown in wife's suit for divorce, contested by the husband, although they have had some heated arguments over family financial affairs, hence dismissal of bill was proper (CL 1948, § 552.7).

Appeal from Wayne; Fitzgerald (Neal), J. Submitted November 8, 1962. (Calendar No. 58, Docket No. 49,900.) Decided June 3, 1963.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 868.
[2] 17 Am Jur, Divorce and Separation, § 437

Bill by Elsie M. Tiffany against Amasa E. Tiffany for divorce on grounds of extreme and repeated cruelty. Bill dismissed. Plaintiff appeals. Affirmed.

*Piggins, Balmer, Grigsby, Skillman & Erickson,* for plaintiff.

*Frank N. MacLean* and *Philip A. Gillis,* for defendant.

SMITH, J. The parties to this divorce action were married in 1942. They have a son who was born in 1951. The testimony tends to show that the parties have engaged in heated argument, usually over the husband's management of family financial affairs. The wife has complained bitterly about a number of defendant's decisions. These complaints have triggered violent arguments between the parties. Despite the disagreements about money, the acquisition of property during the marriage has been comparatively substantial. On at least 2 occasions defendant was provoked into slapping plaintiff. On a third occasion, plaintiff apparently hid their joint income tax return and refused to give it up, although requested. This led to an argument, and when plaintiff retreated to a bedroom where the tax return apparently was hidden, she was pursued by defendant. She attempted to bar the door and, in forcing the door open, defendant injured plaintiff's knee, he says accidentally. Defendant husband does not want a divorce and therefore contests plaintiff's bill. The trial judge dismissed the bill of complaint. We affirm.

On review *de novo,* we do not reverse unless convinced that we must have reached a different conclusion had we occupied the position of the trial

court. *Keenan* v. *Keenan,* 361 Mich 123; *Chubb* v. *Chubb,* 297 Mich 501. This Court said in *Williams* v. *Williams,* 351 Mich 210:

"What we have here is bickering, shortness of temper, and vexatious conduct. Aggravation there has been, but not cruelty. The bonds of matrimony are not to be thus lightly cast aside. There is at stake, for our society as a whole, too much of the public welfare, too much of the public morals, in the preservation of family ties, to permit the spouses to come and go as tempers wax and wane. * * * Cruelty we have, indeed, made a ground for divorce since the year 1844 (PA 1844, No 60, § 2, p 74), but the cruelty we demand is more than display of temper, more than exasperating habits of conduct or expression. We must get into the realm of the evil and the wicked, of brutality, of malignancy, of indignities endangering mental or physical health. None of this do we here find."

We do not find in this case that extreme cruelty has been shown within the meaning of the statute. CL 1948, § 552.7 (Stat Ann 1957 Rev § 25.87), and prior decisions of this Court.

Affirmed, no costs.

Carr, C. J., and Dethmers, Kelly, Black, Kavanagh, and Souris, JJ., concurred.

O'Hara, J., took no part in the decision of this case.