FISH v. FISH.

1. DIVORCE—EXTREME CRUELTY—BOTH PARTIES GUILTY.

Judgment of no cause of action is rendered in action for divorce, where both parties are guilty of extreme cruelty (CL 1948, § 552.10).

2. SAME—DE NOVO REVIEW—FINDINGS OF TRIAL JUDGE—CREDIBILITY OF WITNESSES.

Divorce cases are heard *de novo* on appeal, but special consideration is given to findings of trial judge, which are based on the credibility of the witnesses and such cases should not be reversed unless the reviewing court is convinced that it must have reached a different decision had it occupied the position of the lower court under like circumstances and determines that findings relied on by the trial court are not supported by the record.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 24 Am Jur 2d, Divorce and Separation § 416.
[2] 5 Am Jur 2d, Appeal and Error § 868.

3. Courts—Precedents—Divorce.
   The court is obligated to apply the law as written by the
   legislature and deny a divorce when both parties are guilty
   of extreme cruelty, and argument that law should be changed
   should be addressed to the legislature (CL 1948, § 552.10).

Appeal from Oakland; Dondero (Stanton G.), J. Submitted Division 2 June 2, 1966, at Detroit. (Docket No. 516.) Decided July 26, 1966.

Complaint for divorce by Bertha Fish against F. Ellsworth Fish. Judgment of no cause of action. Plaintiff appeals. Affirmed.

*Frederick J. Plotts,* for plaintiff.

*Sauer & Girard (Bernard Girard* and *Charles J. Porter,* of counsel), for defendant.

FITZGERALD, J. Plaintiff's complaint for divorce, custody of children, support and property settlement was answered by defendant and the matter proceeded to hearing in the circuit court for the county of Oakland. At the conclusion of testimony, the court entered a judgment of no cause of action, stating that it found that defendant was guilty of cruelty and lack of proper support, but that plaintiff was also guilty of cruelty.

We can neither add to nor detract from the following paragraphs which are so illustrative of the excruciating situation in which a circuit judge frequently finds himself when he applies the law to the facts before him.

*"The Court:* Well, we have had this situation here before and we have it here again. It is inconceivable to me that the defendant would want to continue living in the same household under these circumstances. I am satisfied the parties are not

living together and there doesn't seem to appear to be any basis for a reconciliation between these parties, their statements to the contrary notwithstanding.

"I am satisfied that the continuance of this situation is inuring to the detriment of the boys involved here, who ought to be given far more consideration than they are; and that the respective parties are doing everything they can to harass each other and devil each other in the presence of these children, which is a very nasty situation.

"In my own opinion, these parties should not only be separated but should be compelled to live in different States, but that doesn't make any difference, my opinion doesn't count for anything in this situation.

"I am satisfied here that the defendant has been guilty of some acts of cruelty that are recognized under the law of this State. I feel that the non-support feature is involved here, it is not a total lack of support but that there has not been a maintenance of a standard in accordance with his income.

"More important than that, I think there are matters here of cruelty of the mental variety which are well within the contemplation of the case law decisions of the Supreme Court of this State.

"On the other hand, I am satisfied, from the testimony of both parties, that the plaintiff has likewise been guilty of acts that come within the contemplation of the case law decisions of this State. Her demeanor on the stand bears that out. I think that her attitude was obvious from her appearance and conduct in this courtroom and in connection with the testimony given both by her and by the defendant.

"In my opinion, this is a double reason why these parties ought to be divorced, both of them being guilty. But the law of this State is otherwise. The law of this State says that when both parties are guilty, then neither party gets a divorce. That is what we have in this case. My opinion is valueless,

it means nothing. I have sworn to follow the law of this State in handling of cases as a judge. I therefore have no alternative but to again deny the relief sought in this case. Judgment of no cause for action is entered."

While we are fully cognizant that on appeal divorce cases are heard *de novo* in this Court, the applicability of *Chubb* v. *Chubb* (1941), 297 Mich 501, cannot be overlooked. Therein it was said (p 506):

"While we are not restricted by the findings of the circuit court, a divorce case on appeal being heard *de novo,* especial consideration is given to such findings, so largely based upon the credibility of the witnesses, and the reviewing court ought not to reverse the determination of the trial court in such a case, unless convinced that it must have reached a different conclusion had it occupied the position of the lower court, under like circumstances."

A more than ample record of the unpleasant carryings-on in the Fish household, together with the obvious deleterious effects on the children sheltered under that roof, leads us to wish, as did the circuit judge, that a divorce might be granted in this case.

However, the circumstances unrolled by this record fit squarely within CL 1948, § 552.10 (Stat Ann 1957 Rev § 25.90) wherein it is stated, "And no divorce shall be decreed in any case where the party complaining shall be guilty of the same crime or misconduct charged against the respondent."

A recent pronouncement of this principle of Michigan law will be found in *Gundry* v. *Gundry* (1965), 1 Mich App 475, an opinion which reversed a judgment for divorce on the ground that both parties were guilty of cruelty and which likewise, in a dis-

sent, supports the proposition that in a divorce case heard *de novo* on appeal the findings of the trial court will be given special consideration. Both elements are present here, and so we hold that *Gundry* is dispositive of this appeal.

In affirming the judgment of the trial court, we cannot question plaintiff's zeal in appealing, rather we point out not only to the appellant here, but to the bar of this State, a quotation from *Cook* v. *Hastings* (1907), 150 Mich 289 (14 LRA NS 1123, 13 Ann Cas 194) which seems to be particularly applicable (p 291).

"It is not for the judge presiding over the court to determine whether or not he will apply that law. He has no choice. He did not make the law, and he cannot change it. That law is as obligatory on him as it is on the humblest suitor who ever appeared in his court. He is bound to apply it in determining controversies. The argument under consideration is in reality an appeal for a change of the law. It should have been addressed, not to a court, but to some other tribunal; a tribunal having authority to change the law."

Affirmed. Costs to appellee.

J. H. GILLIS, P. J., and QUINN, J., concurred.