### CURTIS v. MICHIGAN PUBLIC SCHOOL EMPLOYEES RETIREMENT SYSTEM

1. Schools and School Districts—Employees Retirement Act—Military Service.

> State public school employees retirement act does not provide for credit for time served in military service while on leave of absence from an out-of-state school system, where the act divides employees into 2 classifications and plaintiff fell into statutory "other than first class" school district classification which provides that an employee must have been a member of the Michigan retirement system when he left for military service to claim credit for the military service (PA 1945, No 136, ch 1, as amended).

2. Courts—Application of Law—Schools.

> An argument attempting a liberal interpretation of a statute which classifies members of the State public school employees retirement system into 2 separate retirement systems—1 classification allowing credit for time served in the military while on leave from an out-of-state school system and the other classification not allowing such credit—is in effect an appeal for a change in the law and should be addressed to the legislature since the Court has no alternative but to apply the law as it is (PA 1945, No 136, ch 1, as amended).

3. Costs—Public Question—School Employees—Retirement.

> No costs are allowed on appeal from a determination denying plaintiff additional retirement benefits from the public school employees retirement system, a public question being involved.

Appeal from Ingham; Coash (Louis E.), J. Submitted Division 2 November 8, 1967, at Lansing. (Docket No. 3,503.) Decided March 29, 1968.

---

References for Points in Headnotes

[1] 40 Am Jur, Pensions § 30 et seq.
[2] 50 Am Jur, Statutes § 228.
[3] 5 Am Jur 2d, Appeal and Error § 1009.

Complaint by Russell W. Curtis against Michigan Public School Employees Retirement System, Michigan Public School Employees Retirement Board, and Carl E. Kleimola, Ina McNeal, Freda Parmalee, Edward Prins, Louis Roberts, Max Thompson, and Ira Polley, members of the Board, for additional retirement benefits. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*Foster, Campbell, Lindemer & McGurrin (Theodore W. Swift, James A. White,* and *Edmund E. Shepherd,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eugene Krasicky* and *James J. Wood,* Assistant Attorneys General, for defendants.

FITZGERALD, J.  Plaintiff, a Highland Park School administrator, presents an appeal to us which seeks to give him retirement credit for 38 months served in the military during World War II while he was on leave from the Indianapolis, Indiana, school system.  The entire issue revolves largely around statutory interpretation and just how far a court may go in reading between the lines of a statute to create something greater than the sum of its parts.

· Plaintiff Curtis has been a teacher in Michigan public schools outside the city of Detroit since the fall of 1955.  Prior to this, from 1940 until 1952 he was employed in a public school system of Indiana, and from 1952 until 1955, he was employed in a public school system of Wisconsin.

From 1942 until 1945 he was on leave from the Indianapolis public school system serving in the armed forces and returned to Indianapolis as a school employee in October 1945.  Upon plaintiff's

application for a calculation of his Michigan retirement credit, the defendant, Michigan public school employees retirement system, an agency of the State, awarded him service credit for the years spent in out-of-state service, with the exception of 1951–1952 spent on educational leave of absence and the 38 months spent in military service. It is the latter period which is in issue here. The board first denied credit for the military service by letter in 1955. But plaintiff pursued the matter, and in 1966 a hearing before the board was held, plaintiff being represented by counsel; he was again denied the retirement credit for military time served while in the Indianapolis school system. The board pointed out that they uniformly had not granted credit for such service performed by Michigan school employees who were former members of out-of-state school systems.

Shortly after this, plaintiff commenced an action in Ingham county circuit court to review the decision of the board. Both parties filed motions for summary judgment, and the circuit court entered judgment in favor of defendant. A petition for rehearing was denied and appeal is brought from that order.

The precise question on appeal, shaded only by the interpretations furnished by plaintiff and defendants, is: does the Michigan public school employees retirement act provide for credit for time served in the armed forces while on leave of absence from an out-of-state school system?

Plaintiff admits that a precise reading of the applicable statute does not lend itself to an outright "yes" answer, but contends that the principles of statutory construction and a "liberal" interpretation can lead to such an answer. Defendants, on the other hand, argue for a literal interpretation of the

statute with an eye toward legislative intent for a
flat "no" answer.  Collateral questions such as an
equal protection argument and the defense of laches
have been considered, but it is our studied opinion
that they are not controlling.  The true single issue
before us is an interpretation of the relevant stat-
utes as they apply to this particular plaintiff during
his teaching career.

Our overall consideration revolves around PA
1945, No 136, as amended (CL 1948 and CLS 1961,
§ 38.201 *et seq.,* as amended [Stat Ann 1968 Rev
§ 15.893(1) *et seq.*]).  Chapter 1 thereof deals with
employees in so-called "other than first class" school
districts which comprise all of the State except the
city of Detroit.  Chapter 2 of the act prescribes the
retirement system for Detroit, the single first class
school district in the State.  The former has ap-
proximately 170,000 full-time employee members
and the latter approximately 17,500.

Section 14 of chapter 1 (CL 1948, § 38.214 [Stat
Ann 1968 Rev § 15.893(14)]), provides for credit for
military service for employees of school districts
other than first class, that being the category within
which plaintiff falls, and it reads:

"*A member of the retirement system* who was or
shall be drafted, enlisted, inducted, or commissioned
into military, naval, marine or other armed service
of the United States government during time of war
or emergency, or who shall be drafted or called into
such armed service or emergency during time of
peace, and within 24 months from the date of his
honorable discharge or relief from active duty from
such armed service *shall resume employment as a
public school employee, shall have all the time spent
in such armed service credited to him as a member
of the retirement system.*  During the period of such
service of a member, his contributions to the annuity
accumulation fund standing to his credit as of the
last payroll date preceding his military service shall

be accumulated at regular interest." (Emphasis supplied.)

Corresponding to this section as applied to the chapter 2 system employees is section 19 of chapter 2 (CL 1948, § 38.319, as amended by PA 1966, No 18 [Stat Ann 1968 Rev § 15.893(59)]). This would apply to teachers who are employed by the Detroit school system:

"Any military service performed by the said member *while in such other public education service shall be credited to him as other public education service* within the limitations of this section if the provisions of section 18 of this chapter are satisfied in the same manner, in all respects, *as if he had entered military service from board of education service."* (Emphasis supplied.)

It will be noted that here, unlike chapter 1 employees, the member's military service "while in such other public education service" is mentioned specifically and this amendatory language was inserted by PA 1951, No 204. The chapter 1 employee, however, must have been a member of the Michigan retirement system when he left for military service.

We cannot come to any conclusion other than that the legislature expressly did not provide for military service credit while employed by an out-of-state school system for "other than first class" district employees, but only for those in the city of Detroit. The fact of an express chapter 2 amendment in 1951, leaving unamended chapter 1, bolsters our opinion in this regard.

Whatever may be the reasons for different treatment of military service in 2 separate retirement systems is not before this Court to conjecture, though we may comment editorially on the wisdom of creating 2 classes of veterans. The only conclusion that can be reached is that the amendment

specifically affected members of the Detroit system and did not include those in chapter 1 schools comprising the remainder of the State.

The fact remains that we have before us 2 different retirement systems. Separate boards administer the systems, they keep their funds individually, separate appropriations are made to them by the legislature, benefits are different, contributions are different.

Plaintiff attempts several ingenious interpretations of the various statutes to offset what is clearly different legislative treatment of military service in the 2 different classes of service. Section 14 of chapter 1, *supra,* deals with military service credit for school districts other than Detroit and is applicable to the plaintiff. The first sentence of that section talks of a member of the Michigan retirement system who goes into military service and then returns to Michigan service within the specified length of time. By juggling definitions, plaintiff attempts to remove himself from the purview of this section. He seeks to garner the obvious benefits he would have had, had he been an employee in the city of Detroit. We can only construe the words of chapter 1, § 14, "a member of the retirement system" to mean Michigan employees when it gives military service credit. Conversely, in chapter 2, § 19, the words, "any military service performed by the said member while in such other public education service" can only mean that military time in other educational systems is creditable toward chapter 2 retirement. No attenuated rearrangement of definitions, statutory construction, or even Mr. Justice Frankfurter's "tyranny of literalness" as proclaimed in *United States* v. *Witkovich* (1957), 353 US 194, 199 (77 S Ct 779, 782, 1 L Ed 2d 765, 769), can lead us to any other result.

The policy of such an enactment is not for us to comment on; the complications are obvious. What of the teacher who divides his career between chapter 1 schools and chapter 2 schools and then seeks to take advantage of the transfer and reciprocity provisions of the act? Such questions must remain for another day and another court.

As stated in *Cook* v. *Hastings* (1907), 150 Mich 289, 292 (14 LRA NS 1123, 1125, 13 Ann Cas 194, 196), and as quoted in *Fish* v. *Fish* (1966), 4 Mich App 104, 108:

"The argument under consideration is in reality an appeal for a change of the law. It should have been addressed, not to a court, but to some other tribunal; a tribunal having authority to change the law."

Affirmed. No costs, a public question being involved.

T. G. KAVANAGH, P. J., and McGREGOR, J., concurred.