CAVANAGH *v.* CAVANAGH

1. DIVORCE—GROUNDS—INCOMPATIBILITY—STATUTE.
   Incompatibility is not a statutory ground for divorce.

2. DIVORCE—GROUNDS—EXTREME CRUELTY—APPEAL—RECORD.
   Divorce granted on the ground of extreme cruelty *held*, proper
   where *de novo* review of the record contains ample factual sup-
   port of extreme cruelty by plaintiff and does not convince the
   Court of Appeals that it would have reached a different con-
   clusion had it occupied the position of the trial court in similar
   circumstances.

3. DIVORCE—CHILD CUSTODY—DISCRETION OF TRIAL COURT.
   Trial court's order that custody of four older boys be granted to
   defendant *held*, a proper exercise of discretion where the rec-
   ord shows that trial court did not, as plaintiff asserts, rely
   solely on the children's preferences, but was guided by relevant
   testimony, reports, and investigation.

4. DIVORCE—CUSTODY OF CHILDREN—DISCRETION OF COURT.
   Judgment of divorce granting custody of eight-year-old child to
   defendant husband *held*, proper where the court relied on
   Friend of the Court reports admitted in evidence by stipulation
   of the parties, personal conferences, and its own conclusions
   as to the best interests of the child (MCLA § 722.541).

Appeal from Wayne, Charles S. Farmer, J. Sub-
mitted Division 1 April 15, 1969, at Lansing. (Dock-
et No. 6,063.) Decided May 29, 1969.

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 166.
[2] 5 Am Jur 2d, Appeal and Error § 868.
[3] 5 Am Jur 2d, Appeal and Error §§ 702–704, 839.
[4] 5 Am Jur 2d, Appeal and Error §§ 702–704.
   Award of custody of child to parent against whom divorce is
      decreed. 23 ALR3d 6.

Complaint by Mary Ellen Cavanagh against Jerome P. Cavanagh for separate maintenance. Counterclaim by defendant for absolute divorce on the ground of extreme cruelty. Judgment of divorce for defendant. Plaintiff appeals. Affirmed.

*Piggins, Balmer, Grigsby, Skillman & Erickson* for plaintiff.

*Buesser, Buesser, Snyder & Blank,* for defendant.

BEFORE: McGREGOR, P. J., and R. B. BURNS and DANHOF, JJ.

McGREGOR, P. J. This appeal disputes a judgment of absolute divorce granted defendant by the circuit court on the ground of extreme cruelty. The court awarded custody of the four oldest boys, aged 14, 13, 12 and 8, to their father, the defendant, and the other four children to their mother, the plaintiff.

The court found that defendant had presented the required proof for a judgment of divorce. Plaintiff contends, however, that statutory grounds for divorce were not established because the primary factors mentioned by the court, namely, the absence of hope for reconciliation and incompatibility, are not sufficient, according to Michigan divorce statutes.

Clearly, incompatibility is not a statutory ground for divorce. *Niskanen* v. *Niskanen* (1963), 371 Mich 1. However, since review of divorce judgments is de novo, *Buck* v. *Buck* (1948), 320 Mich 624, the total quantum of evidence presented to the lower court may be reviewed. The record contains ample factual support for a finding of extreme cruelty on the part of plaintiff, as pleaded by defendant. Therefore, we are not convinced that we must have reached a dif-

ferent conclusion had we occupied the position of
the lower court under like circumstances. *Reeves* v.
*Reeves* (1952), 335 Mich 193.

Plaintiff controverts the lower court's custody dis-
position by arguing, first, that the judge should not
have relied on the preferences of the three older
boys. The trial judge did not rely solely on the wish-
es of the boys, but was guided by a comprehensive
and well-reasoned opinion by the Friend of the Court
Referee. The Referee heard six witnesses for the
plaintiff and three witnesses for the defendant, as
well as the parties themselves. In addition, he had
the benefit of a separate report by an investigator
for the Friend of the Court. This report, based on
three days of testimony, interviews with the children,
and independent investigation, recommended that
custody of the four older boys be awarded to defend-
ant and that custody of the other four children be
awarded to plaintiff. The testimony taken at the
Friend of the Court hearings was offered and ad-
mitted into evidence at the trial, in its entirety,
pursuant to the stipulation of the parties. Thus, it
is not apparent that the judge abused his discretion
regarding the custody of the three older boys.

Next, plaintiff asserts that the grant of custody
of the 8-year-old boy to the father was erroneous,
since there is a clear statutory preference for the
custody of children under 12 to be awarded to the
mother. MCLA § 722.541 (Stat Ann 1957 Rev
§ 25.311); *Paton* v. *Paton* (1961), 363 Mich 192. De-
fendant responds by arguing that the award of cus-
tody is discretionary, with the child's welfare the
primary consideration. *Arsenault* v. *Arsenault*
(1966), 5 Mich App 476. The record indicates that
the court determined the custody of the 8-year-old
child largely in reference to the Friend of the Court
report and its own conclusions as to the best interests

of the child. Pursuant to the stipulation of the parties made at trial, the trial judge conferred privately, in chambers, with the five oldest children to assist the court in its determination. The custody determination was proper, as countenanced by *Hornbeck* v. *Hornbeck* (1946), 316 Mich 208.

The final issue raised concerns the court's award of support and alimony payments and the disposition of marital property. The court was clearly within its discretion in its disposition of the litigants' property and its determination of payments to be made. Again, we cannot conclude that we would have reached a different conclusion or that the record discloses a manifest abuse of discretion. *Billingsley* v. *Billingsley* (1946), 315 Mich 417.

Affirmed. Costs to defendant.

All concurred.