RIHA *v.* RIHA

DIVORCE—RECRIMINATION.
> A divorce will not be granted where both parties to the divorce proceeding are equally at fault (MCLA § 552.10).

Appeal from Shiawassee, Michael Carland, J. Submitted Division 2 December 16, 1970, at Lansing. (Docket No. 7969.) Decided January 26, 1971.

Complaint by Frank J. Riha against Ann Joan Riha for divorce. Complaint dismissed. Plaintiff appeals. Affirmed.

*Ellis J. Bowler,* for plaintiff.

*Peter J. Sloan,* for defendant.

Before: BRONSON, P. J., and R. B. BURNS and HOFF,* JJ.

PER CURIAM. This is an appeal from an order dismissing a complaint for divorce.

Appellant and appellee were married in 1943. Four children were born of the marriage. On February 5, 1968, appellant filed a complaint for divorce on the ground of extreme cruelty. MCLA § 552.7

---

* Circuit judge, sitting on the Court of Appeals by assignment.

REFERENCE FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation § 226 et seq.

(Stat Ann 1957 Rev § 25.87). Proofs were heard in the cause on May 14, 1969, and on August 8, 1969, an order was entered dismissing appellant's complaint for divorce.

The trial court dismissed the complaint after concluding that both parties were equally at fault. MCLA § 552.10 (Stat Ann 1957 Rev § 25.90) precludes relief where the complaining party is guilty of the same conduct attributed to the other spouse. *Sovereign* v. *Sovereign* (1956), 347 Mich 205. See, also, *Gundry* v. *Gundry* (1965), 1 Mich App 475; *Kirstein* v. *Kirstein* (1967), 7 Mich App 316; *Nickel* v. *Nickel* (1967), 9 Mich App 191. Appellant contends that the trial court's findings are erroneous.

A fair review of the transcript convinces us that the lower court was correct in its ruling. We are not convinced that we would have reached a different conclusion had we occupied the position of the trial court. *Chubb* v. *Chubb* (1941), 297 Mich 501. See, also, *Arsenault* v. *Arsenault* (1966), 5 Mich App 476; *Young* v. *Young* (1968), 13 Mich App 395.

For the above reasons the lower court should be, and hereby is, affirmed.

Appellee did not file a brief, no costs awarded.