HENRIKSON *v.* HENRIKSON

DIVORCE—RECRIMINATION—WELFARE OF CHILDREN.
> A divorce will be granted, even though both parties have established that degree of statutory cruelty necessary to support a judgment of divorce and therefore are estopped from seeking court relief, where the welfare of the children is endangered by letting the marriage continue.

Appeal from Oakland, James S. Thorburn, J. Submitted Division 2 May 7, 1971, at Lansing. (Docket No. 10015.) Decided June 23, 1971.

Complaint by Francine Henrikson against Oren Henrikson for divorce. Complaint dismissed. Plaintiff appeals. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation §§ 226, 227.
Power of court to grant absolute divorce to both spouses upon showing of mutual fault. 13 ALR3d 1364.
Recrimination as an absolute or qualified defense in divorce cases. 170 ALR 1076.

*Rubiner & Rubiner,* for plaintiff.

*Lawson, Anderson & Munger,* for defendant.

Before: McGREGOR, P. J., and BRONSON and O'HARA,* JJ.

O'HARA, J. This is a divorce case. It is before us of right on the appeal of plaintiff wife. The conscientious trial chancellor allowed each party to recite his litany of offenses, real and fancied. At the end of the whole inconclusive exchange of charge and countercharge he found, among other things:

" * * * the minute one of them is convinced the other is slightly in the wrong, they go their separate ways. They don't talk to each other. They are silent in each other's company. They seek out separate rooms in the house.

\*     \*     \*

"As far as these acts of cruelty are concerned, I would say these two parties have been [un]kind enough to each other [so] consistently that neither one of them has grounds for divorce."

Meanwhile two blameless, impressionable children, ages roughly 10 and 12, without adjudged custody, are batted back and forth in a tragic game of marital badminton.

The problem Judge Thorburn faced in this case arises with recurring frequency. Both parties introduce sufficient testimony to establish that degree of statutory cruelty which would support a judgment of divorce. Yet, under one line of cases, they are resentenced to a farcical marital status which redounds to the detriment of the blameless issue of the marriage. However, certainly under *Fish* v.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

*Fish* (1966), 4 Mich App 104, and the Supreme Court decisions cited therein, ample basis exists to affirm the trial judge.

On the other hand, later cases relying basically on Mr. Justice STEERE's well-reasoned and equally well-expressed opinion in *Weiss* v. *Weiss* (1913), 174 Mich 431, reach a contrary view. The majority court in *Weiss* observed (p 437):

"It is a salutary and well-recognized elementary rule of equity jurisprudence that one seeking aid from a court of chancery must come with clean hands, and, if not, the court will decline to act, leaving the parties where it finds them. That rule, as applied to divorce, means that it is a remedy provided only for the innocent and injured party, and, if the evidence discloses that both have shown ground for divorce, neither is entitled to it. It must be conceded, however, that there is a growing tendency in divorce cases to at times relax that rule, on grounds of public policy or the peculiar exigencies of the special case under consideration, and adopt one of comparative rectitude or turpitude."

We prefer to follow *Weiss*. We do so because the "peculiar exigencies" in this case seem to us to invite, if not mandate it.

These parties were married originally in 1942. They were divorced in 1950. They were remarried in 1958, and again divorce proceedings impend on appeal. The parties live apart and no custodial responsibility for the children has been adjudged. In this present case, no counterclaim was filed. To apply the rationale of *Weiss*, we, of necessity, afford relief to the one party affirmatively seeking it. We rely again upon the observation in *Weiss* (possibly dicta, but in our view *good* dicta) at page 436.

"The fact that the parents are equally good, or equally bad, or even that one in some respects may

be better than the other, is not necessarily the final test. Other considerations bearing on the welfare of the child may turn the scale."

For the reasons hereinbefore stated, and upon the authority cited, we make the following disposition of the case:

1) The judgment dismissing plaintiff's complaint is vacated.

2) The case is remanded to the trial judge with instructions to enter a judgment of divorce on plaintiff's complaint.

Because Judge Thorburn has borne the responsibility of the hearing on the merits, and has necessarily been exposed to the conflicting claims of the parties, we further direct that the judgment of divorce be entered without any provisions as to property settlement and custody of the minor children. After the judgment of divorce has been entered, which we hold is appealable only upon application for leave to the Supreme Court, we further direct the trial court file be returned to the assignment clerk for immediate assignment to another judge of the circuit court for an evidentiary hearing upon the issues of custody and property settlement.

We further direct that the office of the Friend of the Court make *immediate investigation and recommendations concerning the custody of the minor children*[1] and transmit the same to the judge to whom the subsequent proceedings are assigned.

Reversed and remanded for further proceedings as herein specified. Under the particular circumstances of the case we award no costs.

All concurred.

---

[1] Counsel on oral argument assure us that the assets of the parties are not of such proportion to pose any particular problem as to property settlement.