McKEONE v McKEONE

OPINION OF THE COURT

1. DIVORCE—GROUNDS—SEPARATION—COURT-ORDERED SEPARATION.
   Obedience to a court order which causes an enforced separation of the parties to a divorce action can hardly be considered justification for a judgment of divorce on the ground that the parties live apart.

2. APPEAL AND ERROR—DIVORCE—DE NOVO REVIEW.
   An appellate court reviews the record *de novo* in a divorce action, but gives great weight to the findings of fact of the trial judge.

3. DIVORCE—EXTREME CRUELTY.
   The extreme cruelty necessary for a divorce judgment requires a showing of cruelty that is more than a display of temper, more than exasperating habits of conduct or expression; the cruelty must get into the realm of the evil and the wicked, of brutality, of malignancy, of indignities endangering mental or physical health.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation §§ 147–155.
[2] 5 Am Jur 2d, Appeal and Error § 8.
[3] 24 Am Jur 2d, Divorce and Separation §§ 32–66.
[4] 24 Am Jur 2d, Divorce and Separation §§ 44, 372, 397, 398.

4. DIVORCE—EXTREME CRUELTY—EVIDENCE.

*Plaintiff wife was entitled to a judgment of divorce, even though she may have been unreasonable in some of her demands on the defendant's time and money, where defendant, besides disagreeing with plaintiff's financial philosophy, sometimes drank excessively which at times led to acts endangering plaintiff's safety and humiliating her in front of friends; defendant twice left the plaintiff stranded after arguments away from home; the parties have lived apart for three years; the separation, although by court order, was the desire of both parties; the court order followed the defendant's withdrawing all the parties' savings and having all the utilities in the home turned off; and innocent children are involved.*

Appeal from Clinton, Leo W. Corkin, J. Submitted Division 3 November 3, 1971, at Lansing. (Docket No. 10541.) Decided February 23, 1972.

Complaint by Thea J. McKeone against James E. McKeone for absolute divorce. Complaint dismissed. Plaintiff appeals. Affirmed.

*James R. Giddings,* for plaintiff.

*Dunnings & Gibson, P. C.,* for defendant.

Before: DANHOF, P. J., and BRONSON and TARGONSKI,* JJ.

TARGONSKI, J. The parties were married June 15, 1957, and separated in May of 1969. On July 3, 1969, plaintiff wife filed a complaint for absolute divorce on the grounds of extreme and repeated cruelty, MCLA 552.7; MSA 25.87. At the outset, defendant husband filed a counterclaim for divorce on the same statutory grounds. However, such

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

counterclaim was withdrawn by defendant prior to trial and allegations of recrimination by plaintiff were filed by defendant.

After 1-1/2 days of testimony, the trial judge dismissed the complaint on the basis that plaintiff had failed to prove by competent testimony the existence of the statutory ground to justify a grant of divorce. Our distinguished colleague, in writing for reversal, relies on the fact that presently the parties are living apart. However, he ignores the fact that this arrangement exists only because plaintiff, upon filing her appeal, applied for and received the assistance of the trial court in the enforcement of a restraining order entered by the trial court at the commencement of the action. Under the terms of the restraining order, defendant was required to vacate and stay away from the marital home pending disposition of the action. He had resumed his domicile in the marital home but respected the court order and vacated the premises in conformity with the terms of the court order, after this appeal was commenced. Obedience to a court order which causes an enforced separation of the parties can hardly be considered justification for a judgment of divorce on the ground that "the parties live apart".

While it is true that on appeal this Court reviews the record *de novo,* the Court generally gives great weight to the findings of fact of the trial judge. *Hartka v Hartka,* 346 Mich 453 (1956). The trial court is where truth is best tested as the contesting parties and their witnesses appear face to face in flesh and blood with weight and size and demeanor under the eyes of the trial judge. He has the opportunity to note the marks of hesitation, averted glances, and to detect the note of hysteria in the voice of the witness who seeks to deceive. *Buettner*

v *Buettner,* 33 Mich App 448 (1971). We lose that
advantage on appeal.

The trial judge, at the conclusion of the testi-
mony, in a well-written and carefully-prepared
opinion, cited the extreme cruelty test set forth in
*Tiffany* v *Tiffany,* 370 Mich 370, 372 (1963), quot-
ing *Williams* v *Williams,* 351 Mich 210, 213 (1958):

> " '[T]he cruelty we demand is more than display
> of temper, more than exasperating habits of con-
> duct or expression. We must get into the realm
> of the evil and the wicked, of brutality, of malig-
> nancy, of indignities endangering mental or physi-
> cal health.' "

A careful reading and analysis of the transcript
of testimony in the trial court leads us to concur
with the trial judge that the test of *Tiffany, supra,*
was not met here. Given the same facts and cir-
cumstances, we are not convinced that we would
have reached a different conclusion than the trial
court did. *Riha* v *Riha,* 30 Mich App 145 (1971).

For the reasons cited herein, we find that the
lower court should be, and it hereby is, affirmed.

DANHOF, P. J., concurred.

BRONSON, J. (*dissenting*). On appeal, this Court
reviews the record *de novo. Cavanagh* v *Cavanagh,*
17 Mich App 585 (1969). In doing so, we give great
weight and respect to the trial judge's findings.
*Shaw* v *Shaw,* 364 Mich 560 (1961). I have reviewed
the record carefully in light of the trial judge's
findings but cannot come to the same conclusion.

My reading of the record shows more than temper
tantrums and complaints on the part of both parties.
Both parties must bear some of the fault for the
dissolution of this marriage. The fact that both

must share the blame should not stop this Court from finding cruelty exists. This Court, in *Henrikson* v *Henrikson*, 34 Mich App 456, 458 (1971), cited the following quotation from *Weiss* v *Weiss*, 174 Mich 431, 437 (1913), with approval:

" 'It is a salutary and well-recognized elementary rule of equity jurisprudence that one seeking aid from a court of chancery must come with clean hands, and, if not, the court will decline to act, leaving the parties where it finds them. That rule, as applied to divorce, means that it is a remedy provided only for the innocent and injured party, and, if the evidence discloses that both have shown ground for divorce, neither is entitled to it. It must be conceded, however, that there is a growing tendency in divorce cases to at times relax that rule, on grounds of public policy or the peculiar exigencies of the special case under consideration, and adopt one of comparative rectitude or turpitude.' "

The evidence shows that the plaintiff may have been unreasonable in some of her demands on the defendant's time and money. Defendant, on the other hand, in addition to disagreeing with plaintiff's financial philosophy, has engaged in a variety of actions which together constitute cruelty sufficient for a divorce. See *Formicola* v *Formicola*, 32 Mich App 417 (1971). There is evidence on the record of excessive drinking leading on more than one occasion to actions which endangered plaintiff's safety and humiliated her in front of family friends. The fact that he is hard-working when sober cannot overcome the fear he places his wife in when he is drunk. *Berryman* v *Berryman*, 59 Mich 605 (1886). There is also evidence showing that the defendant twice left his wife stranded after arguments away from home, the first time during a vacation in northern Michigan after plaintiff refused to treat

a sunburn while she was caring for their six-month-old child and the second following an argument after a party at which he had been drinking. I am aware that these activities occurred over a long period of time, but nevertheless believe the defendant's actions are sufficient to constitute cruelty under our statute.

I believe that under the circumstances it serves no purpose to resentence the parties to a farcical marital status where there is no hope of reconciliation and innocent children are involved. The realities of the situation are that the parties live apart and will continue to live apart. The fact that this separation exists by court order does not lessen the fact this is by their desire, and defendant's attorney admitted as much at oral argument. They have not lived together for almost three years. If there were a legitimate hope for a reconciliation, we would have seen some movement in that direction by now and the court order would not be an impediment to such a move. The order was granted after the defendant acted in a manner detrimental to the welfare of plaintiff and their children by withdrawing all their savings and having all the utilities in the home turned off. As custodial responsibility for the children has not been determined, I would make the following disposition of the case based on the cited authority:

1. Vacate the judgment dismissing plaintiff's complaint.

2. Remand the case to the trial judge with instructions to enter a judgment of divorce on plaintiff's complaint.

3. Order the office of the Friend of the Court to make immediate investigation and recommendations concerning the children's custody and transmit same to the trial judge, who would then hold

an evidentiary hearing on the issues of custody and property settlement and make a determination thereon.

I would reverse and remand for the proceedings herein specified.