ALEXANDER v ALEXANDER

OPINION OF THE COURT

1. DIVORCE—FAILURE TO ESTABLISH GROUNDS.

A divorce was properly denied where the proofs did not establish that the defendant was guilty of any charge sufficient to establish a statutory ground for divorce (MCLA 552.7).

DISSENT BY LEVIN, J.

2. DIVORCE—FAILURE TO ESTABLISH GROUNDS—AMENDMENT OF COMPLAINT.

*A plaintiff who had filed his complaint for divorce under the prior "fault" divorce law, and cannot establish the statutory grounds for the judgment, should be allowed to amend his complaint to seek a divorce under the amended statute allowing a "no-fault" divorce (MCLA 552.6).*

Appeal from Genesee, Philip C. Elliott, J. Submitted Division 2 February 10, 1972, at Lansing. (Docket No. 12054.) Decided June 27, 1972.

Complaint for divorce by Nellie Alexander against Harry Alexander. Judgment of no cause of action. Plaintiff appeals. Affirmed.

*Ernest M. Joseph,* for plaintiff.

*Leitson, Dean, Dean, Segar & Hart, P. C.,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 349.
[2] 24 Am Jur 2d, Divorce and Separation §§ 20, 311.

Before: McGREGOR, P. J., and LEVIN and TAR-
GONSKI,* JJ.

TARGONSKI, J. Plaintiff filed a complaint for
divorce against the defendant alleging that he was
guilty of extreme and repeated cruelty. He did not
counterclaim for divorce but rather opposed the
application for divorce. The matter came to trial
in June 1971 on the sole issue of whether a
divorce should be granted.

It is well-settled principle that jurisdiction in
divorce cases is statutory. *Ewald v Ewald,* 14 Mich
App 665 (1968). The applicable statutes upon
which the plaintiff relies are MCLA 552.7; MSA
25.87[1] and MCLA 552.8; MSA 25.88.[2] Defendant on
the other hand relies on the provisions of MCLA
552.10; MSA 25.90[3] which provides in part as
follows:

" * * * And no divorce shall be decreed in any case
where the party complaining shall be guilty of the same
crime or misconduct charged against the respondent."

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] "A divorce from bed and board forever, or for a limited time may
be decreed for the cause of extreme cruelty, whether practiced 'by
using personal violence, or by any other means; or for utter desertion
by either of the parties for the term of 2 years; and a like divorce
may be decreed on the complaint of the wife, when the husband,
being of sufficient ability to provide a suitable maintenance for her,
shall grossly or wantonly and cruelly refuse or neglect so to do."
(Before amendment by 1971 PA 75.)

[2] "A divorce from the bonds of matrimony may be decreed for
either of the causes mentioned in the preceding section whenever, in
the opinion of the court, the circumstances of the case shall be such
that it will be discreet and proper so to do; but no divorce from the
bonds of matrimony for either of the causes mentioned in the preced-
ing section shall be entered in any case where the same is not asked
for by the complainant in the bill of complaint filed therein, or by the
defendant on a cross-bill unless the court hearing the evidence shall
deem it for the best interests of the parties to grant a divorce from
the bonds of matrimony and that in that event the court may grant
such divorce." (Before repeal by 1971 PA 75.)

[3] Repealed by 1971 PA 75.

On appeal this Court considers the record *de novo* in a divorce proceeding but the Court will not set aside the findings of the trial judge unless the same are clearly erroneous. *Fish v Fish,* 4 Mich App 104 (1966). The trial court at the conclusion of the testimony dictated an opinion setting forth its conclusions as to the fact situation in the instant case. In part the court stated as follows:

"Now, with respect to this case, Mrs. Alexander complains that her husband has been guilty of nonsupport. It's true that she has always worked, but willingly, and he has insisted on her earnings being spent on the family, but the family has always been supported well and they have accumulated a home free of debt and cash of more than $60,000.00, and other assets. Clearly, he has not been guilty of a spendthrift's nonsupport.

"She claims he has been guilty of physical violence. * * * [A]ny misuse or force by him was infrequent and long before this breakup. And considering the constancy of the arguments between these parties and her nature which, for example, once caused her to haul off and hit him in the eye while he was driving, some amount of putting hands upon her during this marriage was probably inevitable.

" * * * She says that the marriage has never been happy, and that since his first refusal to divorce his first wife and marry her when she was pregnant at the age of 17, she has hated him, that she married him only to give the child a name, and that she wishes now that he was dead."

A careful reading and analysis of the transcript of the testimony in the trial court and the opinion of the trial judge leads us to concur with the trial judge that the proofs did not establish that the defendant was guilty of extreme and repeated cruelty or nonsupport or of any other charge sufficient to establish a statutory ground for divorce. *Tiffany v Tiffany,* 370 Mich 370 (1963).

Having reached that conclusion, it is not necessary for us to pass upon the question raised by the plaintiff on appeal as to whether or not there was adequate basis to sustain the trial court's findings that plaintiff was guilty of conduct amounting to statutory ground for divorce and consequently that the divorce must be denied under the provisions of MCLA 552.10; MSA 25.90 quoted in part hereinabove. Given the same facts and circumstances, we are not convinced that we would have reached a different conclusion than the trial court did. *McKeone v McKeone,* 38 Mich App 444 (1972).

For the reasons cited hereinabove, we find that the lower court should be, and it hereby is, affirmed.

McGREGOR, P. J., concurred.

LEVIN, J. (dissenting). I would remand the cause to the trial court with the direction that the plaintiff be allowed to amend her complaint so as to seek a divorce under the amended statute allowing a "no-fault" divorce. 1971 PA 75; MCLA 552.6; MSA 25.86.