CULLIMORE v LAURETO

1. DIVORCE—CHILD SUPPORT—MODIFICATION OF AWARD—DISCRETION.

The modification of child support awards is normally entrusted to the discretion of the trial court.

2. APPEAL AND ERROR—DIVORCE—CHILD SUPPORT—EQUITY—DE NOVO REVIEW—ABUSE OF DISCRETION.

Review of an equity determination in a· child support dispute is *de novo;* however, the Court of Appeals will not reverse the trial court's determination unless there was an abuse of discretion.

3. APPEAL AND ERROR—ABUSE OF DISCRETION—FINDINGS OF FACT— CLEAR ERROR.

A trial court will not be found to have abused its discretion unless the trial court's findings of fact are clearly erroneous or the reviewing court is convinced it would have reached a different result had it been in the lower court's position.

4. DIVORCE—CHILD SUPPORT—LIABILITY WHILE INCARCERATED—CONTEMPT—STATUTES.

It is proper to deny a defendant's petition to cancel his obligation for child support payments, which accrued while defendant was in jail for contempt for his failure to make child support payments, where the defendant was able but unwilling to assume his support obligation (MCLA 552.201; MSA 25.161).

Appeal from Genesee, Donald R. Freeman, J. Submitted December 4, 1975, at Lansing. (Docket No. 21664.) Decided January 7, 1976.

Complaint by Carolyn Gale Laureto Cullimore against Stanley Paul Laureto for divorce. Divorce

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 84.
[2, 3] 5 Am Jur 2d, Appeal and Error §§ 703, 772 *et seq.,* 868.
[4] 23 Am Jur 2d, Desertion and Nonsupport §§ 121, 145.
    24 Am Jur 2d, Divorce and Separation § 862 *et seq.*

granted, obligating defendant for child support. Defendant was twice jailed for failure to make child support payments. Defendant petitioned for cancellation of the arrearage which accrued while he was in jail. Petition denied. Defendant appeals. Affirmed.

*Frederick E. Salim* (by *James W. Lang,* of counsel), for plaintiff.

Legal Services of Eastern Michigan (by *Dolores Coulter),* for defendant.

Before: R. B. BURNS, P. J., and D. E. HOLBROOK and D. F. WALSH, JJ.

R. B. BURNS, P. J. When a father is found in contempt of court and sentenced to jail for failing to make child support payments as required by a divorce judgment, should or must that portion of the payment arrearage which accrued while he was in jail be cancelled from his obligation?

Plaintiff and defendant were divorced in 1967, and defendant was ordered to pay $30 a week as support for their two minor children. Defendant has paid a very minimal amount of support over the years and a substantial arrearage has accumulated. Defendant was twice found to be in contempt pursuant to MCLA 552.201; MSA 25.161 and was jailed for maximum one-year terms in December, 1968, and March, 1974, or until he purged himself. It was during this second period of incarceration that defendant petitioned the circuit court for a reduction in the accrued arrearage in his child support payments while in jail. He appeals the order denying the petition.

Defendant urges us to advance an express rule of law forbidding the "archaic" practice of allow-

ing support arrearages to accumulate during periods of imprisonment for nonpayment. The absence of Michigan authority on point enables us to recognize relevant considerations of public policy.

There is a wide spectrum of types of incarcerated nonsupporting defendants. At one extreme is the "legitimate" indigent who possibly should not have been jailed at all. At the other extreme is the recalcitrant with adequate resources who simply refused to pay. The instant case, like most cases, presents an intermediate position. And it is to cope with such ubiquitous "gray areas" in the law that equity wisely encompasses the necessary flexibility inherent in the exercise of the sound discretion of trial courts.

In imprisoning this defendant under MCLA 552.201; MSA 25.161, the trial judge found that defendant had (again) failed to exercise the diligence which could have provided him the ability to satisfy his arrearage obligation. In short, the judge found the defendant to be a recalcitrant, whether conscious or merely unconcerned.

The modification of support awards is normally entrusted to the discretion of the trial court. *Wellman v Wellman,* 305 Mich 365; 9 NW2d 579 (1943), *Pohl v Pohl,* 13 Mich App 662; 164 NW2d 768 (1968). While we review this equity determination *de novo,* we will not reverse absent an abuse of the trial court's discretion. To find such an abuse it has been variously stated that the trial court's findings of fact must be "clearly erroneous". *Alexander v Alexander,* 41 Mich App 561, 563; 200 NW2d 471, 472 (1972), or that the reviewing court must be "convinced it would have reached a different result had it been in the lower court's position". *Gamble v Hannigan,* 38 Mich App 500, 504; 196 NW2d 807, 809 (1972).

The record amply supports a conclusion that this defendant comfortably accepts his unemployed status. Given the defendant's seven-year record of nonpayment and his self-proclaimed ability as a mechanic, it is difficult to dispute the judge's finding that he was able but unwilling to assume his support obligations. The trial judge had considerable contact with this case over a period of eight years, and we are not disposed to second-guess him. We do not find an abuse of discretion.

Affirmed.