484 A.2d 141

**James C. McBRIDE,**

v.

**Meredith Fox McBRIDE, Appellant.**

Superior Court of Pennsylvania.

Submitted July 10, 1984.

Filed Nov. 9, 1984.

Norman L. Goldberg, Media, for appellant.

Charles Nistico, Chester, for appellee.

Before WIEAND, OLSZEWSKI and POPOVICH, JJ.

WIEAND, Judge:

This appeal is from a final decree in divorce. Appellant's sole contention is that the trial judge erred in granting a divorce pursuant to Section 201(d)(1) of the Divorce Code when a portion of the three year separation period was allegedly due to an Order entered under the Protection From Abuse Act. We reject appellant's argument and affirm the decree of divorce.

James McBride and Meredith Fox McBride lived together for approximately one year prior to their marriage on November 26, 1976. They continued to live together until January 27, 1977, when James, the appellee, was arrested at the marital residence following an argument with his wife, Meredith, who is the appellant herein. Following this altercation, James was charged with unlawful possession of firearms and assault. On April 26, 1977, he was sentenced to two years probation and continued psychiatric treatment. Thereafter, appellee took up residence in the basement of a

duplex owned by appellant. Appellee did not then, nor at any later time, return to and cohabit with appellant, although there apparently were sporadic sexual liaisons prior to November, 1977.

On November 18, 1977, appellant filed a petition pursuant to the Protection From Abuse Act, 35 P.S. § 10181 et seq. A final order was not entered until July 19, 1978, when, by mutual consent of the parties, appellee was enjoined from abusing or harassing appellant and was excluded from the marital residence for a period of one year. In August of 1978, appellant moved to Florida, where she continues to reside at the present time.

On July 1, 1980, James filed a complaint in divorce alleging that the marriage was irretrievably broken and that the parties had been living separate and apart for a period in excess of three years, commencing on or about January 27, 1977. Appellant denied via answer that the parties had lived separate and apart as defined by the Divorce Code of 1980. On June 25, 1982, following evidentiary hearings, the Master recommended a divorce. Appellant's exceptions to the Master's Report were dismissed by the trial court, and a final decree in divorce was entered on November 3, 1982. This appeal followed.

▇▇ When reviewing an order granting a divorce, this Court bears the responsibility for making a de novo evaluation of the record; it must decide, independently of the trial court and the Master, whether a legal cause of action in divorce exists. *Jones v. Jones,* 311 Pa.Super. 407, 410–411, 457 A.2d 951, 952 (1983); *Dukmen v. Dukmen,* 278 Pa.Super. 530, 534, 420 A.2d 667, 670 (1980). Although a Master's Report is advisory only, it is given the fullest consideration, particularly on the issue of credibility of witnesses. *Eichmann v. Eichmann,* 319 Pa.Super. 100, 101, 465 A.2d 1248, 1249 (1983); *Kleinfelter v. Kleinfelter,* 317 Pa.Super. 282, 283, 463 A.2d 1196, 1197 (1983); *Herwig v. Herwig,* 279 Pa.Super. 65, 70, 420 A.2d 746, 748 (1980).

Section 201(d)(1) of the Divorce Code (23 Pa.C.S. § 201(d)(1)) contains two requirements for a unilateral, no-fault divorce. First, the marriage must be irretrievably broken; and second, the parties must have lived separate and apart for at least three years. The definitional section of the Divorce Code, at 23 Pa.C.S. § 104, defines separate and apart as the "complete cessation of any and all cohabitation." Cohabitation, although not defined statutorily, is defined by Webster's New Collegiate Dictionary as "living together as husband and wife." Similarly, Ballentine's Law Dictionary defines cohabitation as "[a] dwelling together of man and woman in the same place in the manner of husband and wife." The definitions are appropriate for our purposes and are followed pursuant to the mandate of Section 1903 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903, that "[w]ords and phrases shall be construed ... according to their common and approved usage...."

From this we are able to discern a legislative intent that "living separate and apart" be construed as living in quarters separated physically and without sharing the incidents or attributes customarily attached to the marital relationship. More specific definition of the words "living separate and apart" is unnecessary because of the additional statutory requirement that the marriage be irretrievably broken. Thus, a divorce cannot be granted merely because the parties have been living separate and apart for three years. It must also appear that the marriage be "irretrievably broken."

█ Examination of the facts in the instant case discloses that appellee was entitled to a decree in divorce pursuant to Section 201(d)(1). There was an irretrievable breakdown of the marriage and the parties had lived separate and apart for more than three years.

We reject appellant's argument that there must be excluded from the necessary three year period that time during which appellee was required by consent decree, entered pursuant to the Protection From Abuse Act, to

remain absent from the marital home. The no-fault divorce provision does not require that the parties' living separate and apart be the result of a voluntary decision reached and agreed to by both parties; and this Court will not rewrite the statute to impose such a requirement. Indeed, in view of the requirement that the marriage be irretrievably broken, it seems unnecessary, if not unwise, to require that the separation be wholly voluntary before a no-fault divorce can be entered.

To accept appellant's argument in this case, as the learned trial court sagely observed,

> would mean that *no* wife who files a Protection from Abuse Action and thereafter obtains an Order, would be permitted to obtain a [no-fault] divorce from her husband until *at least* three years *after* the termination of the Order. This result is not only inconsistent with the purposes and objectives of the Divorce Code of 1980, but with those of the Protection from Abuse statute. (Emphasis in original opinion).

As the Master observed, in this case it was the wife defendant in the divorce action who had initiated legal proceedings to expel her husband, the plaintiff in the divorce action. It was she who had desired and effected a court ordered separation, not her husband. There is no requirement under the no-fault provisions of the Divorce Code which would exclude a period of separation merely because the husband's fault, if such was the case, caused the wife to seek and ultimately agree to a decree for separate cohabitation. It was the intent of the legislature to do away with and exclude fault as an essential ingredient in no-fault divorce actions. We will not by our interpretation of the statute reimpose such a requirement. The divorce contemplated by Section 201(d)(1) is available to either party irrespective of fault. It is not available only to an innocent and injured spouse.

Appellant's reliance on *McKeone v. McKeone*, 38 Mich. App. 444, 196 N.W.2d 866 (1972), is misplaced. That was an action for divorce based upon the defendant's extreme and

repeated cruelty. The action was dismissed because the plaintiff failed to prove the grounds relied upon. The court's suggestion that "[o]bedience to a court order which causes an enforced separation ... [cannot] be considered justification for a judgment of divorce ..." was made in the context of a fault divorce action and was not an attempt to define the requirements for a divorce based on statutory "no-fault" considerations. *Id.* 38 Mich.App. at 446, 196 N.W.2d at 867.

The parties in the instant case have lived separate and apart for more than three years. Their marriage is irretrievably broken. Whether one or the other caused the separation is irrelevant. The court properly entered a decree in divorce under the no-fault provision of 23 Pa.C.S. § 201(d)(1).

The decree is affirmed.